■ Jack L. Alpert et al., Appellants, and Eugene Alpert, as Executor of Jack L. Alpert, Deceased, Appellant, v Zane Alpert et al., Defendants. Debbie Alpert, Nonparty Respondent. [58 NYS3d 15]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered May 19, 2016, which, insofar as appealed from, granted nonparty Debbie Alpert's motion to quash a subpoena dated December 28, 2015 "until such time [as] the parties negotiate a confidentiality agreement" and for a protective order requiring plaintiffs and their counsel to obtain permission of the court before serving any further subpoenas to obtain Alpert's banking or other financial records, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, so much of the motion as sought to require plaintiffs and their counsel to obtain the aforesaid permission of the court denied, and so much of the motion as sought to quash denied on condition that the judgment creditor use any documents and information obtained from such subpoena solely to enforce the judgment. Order, same court and Justice, entered September 2, 2016, which, upon reargument, granted Alpert's motion for a protective order with regard to a subpoena dated June 24, 2015, unanimously modified, on the law and the facts and in the exercise of discretion, to delete the limitation that the documents and information received in response to said subpoena not be disseminated or shown to anyone other than plaintiffs and their counsel, and otherwise affirmed, without costs.

The judgment creditor's argument that nonparty Debbie Alpert (the judgment debtor's daughter-in-law) lacks standing to move to quash subpoenas directed at her bank is unpreserved, and we decline to review it.

The judgment creditor is correct that with respect to the December subpoena Alpert failed to establish "either that the discovery sought is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (*Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014] [internal quotation marks omitted]). However, CPLR 5240 permits the court to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure," including a subpoena. The motion court providently exercised its discretion in limiting the judgment creditor's use of the documents and information obtained from the June subpoena to this litigation, i.e., solely for purposes of enforcing the judgment. We note that the judgment creditor has always been willing to abide by such a limitation. We find that the motion to quash the December subpoena should have been denied on condition that the judgment creditor abide by a similar limitation and that the limitation that the documents and information obtained from the June subpoena not be disseminated or shown to anyone other than plaintiffs and their counsel, as well as the requirements to obtain court permission before serving any further subpoenas and to negotiate a confidentiality agreement with Alpert before being able to re-serve the December subpoena, are overly restrictive in light of New York's public policy "to put no obstacle in the path of those seeking to enforce a judgment" (*U.S. Bank N.A. v APP Intl. Fin. Co., B.V.*, 100 AD3d 179, 183 [1st Dept 2012] [internal quotation marks omitted]). Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.