Ostad v Mahfar (2022 NY Slip Op 00973)





Ostad v Mahfar


2022 NY Slip Op 00973


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 654287/20 Appeal No. 15322 Case No. 2021-03680 

[*1]Dr. Abraham Ostad, Plaintiff-Appellant,
v
Benhour Mahfar, Defendant-Respondent.


SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for appellant.
Edward G. McCabe, Melville, for respondent.



Order, Supreme Court, New York County (Arlene Bluth, J.), entered September 13, 2021, which denied plaintiff's motion to compel defendant's production of information pursuant to postjudgment demands, unanimously affirmed, with costs.
Denial of plaintiff's motion was a provident exercise of the motion court's discretion (see CPLR 5240; see also Alpert v Alpert, 151 AD3d 541 [1st Dept 2017]). On appeal, plaintiff offers no reason to question defendant's assertion that he has produced the responsive documents in his possession, and instead resorts to conclusory claims that defendant's position is not credible. He does not adequately address defendant's point that, at deposition, inadequate effort was made to ascertain the custodians and locations of the documents sought. Moreover, plaintiff primarily focuses on documents pertaining to entities in which defendant has an interest but does not state whether discovery was sought from the entities themselves and, if not, why not.
Plaintiff's arguments concerning the restraining notice are also unavailing. The CPLR, as he contends, does provide that contempt is a remedy for disobedience of a restraining notice (see CPLR 5251). However, and as this Court recognized in Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein (173 AD3d 401, 402 [1st Dept 2019], lv dismissed 34 NY3d 1152 [2020]), "the procedure for the contempt punishment is not supplied by the CPLR, but by [the] Judiciary Law" (see also Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5251:1 at 338; Siegel, NY Prac § §481-484 [6th ed 2021]). Plaintiff did not follow that procedure. Although the affirmation in support of his motion addresses defendant's violations of the restraining notice, there is no mention of this in the order to show cause itself, much less the requisite language described in the Judiciary Law (see Judiciary Law § 756).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022