Matter of Grover S. (Jonathan H.G.--Galt N.) (2019 NY Slip Op 07262)





Matter of Grover S. (Jonathan H.G.--Galt N.)


2019 NY Slip Op 07262


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-01889
 (Docket Nos. N-23003-18, N-23004-18, N-23005-18)

[*1]In the Matter of Grover S. (Anonymous). Administration for Children's Services, petitioner; Jonathan H. G. (Anonymous), appellant; Galt N. (Anonymous), et al., nonparty-respondents. (Proceeding No. 1)
In the Matter of Magnolia S. (Anonymous). Administration for Children's Services, petitioner; Jonathan H. G. (Anonymous), appellant; Galt N. (Anonymous), et al., nonparty-respondents. (Proceeding No. 2)
In the Matter of Elliot P. N. G. (Anonymous). Administration for Children's Services, petitioner; Jonathan H. G. (Anonymous), appellant; Galt N. (Anonymous), et al., nonparty-respondents. (Proceeding No. 3)


Segal & Greenberg LLP, New York, NY (Philip C. Segal of counsel), for appellant.
The Wallack Firm, P.C., New York, NY (Robert Wallack of counsel), for nonparty-respondent Galt N.
The Children's Law Center, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child Elliot P. N. G.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Jonathan H. G. appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated January 24, 2019. The order, insofar as appealed from, granted the motion of nonparty James S. to quash a subpoena requiring him to appear for a deposition and to produce certain documents, and granted the cross motion of nonparty Galt N. to quash a subpoena requiring her to appear for a deposition and to produce certain documents.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the nonparties James S. and Galt N., and the motion of nonparty James S. [*2]and the cross motion of nonparty Galt N. are denied.
Jonathan H. G. (hereinafter the appellant) and nonparty Galt N. (hereinafter the mother) are the parents of one child, a son born in 2012. The mother and nonparty James S. are the parents of two older children, a daughter born in 2004 and a son born in 2007. The appellant resided with the mother and all three children for approximately three years until he moved out in November 2014.
In September 2018, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the appellant had sexually abused and neglected the eldest child and derivatively abused and neglected the other two children. In October 2018, the appellant moved, inter alia, pursuant to CPLR 3125 to compel disclosure of certain treatment and visitation records. As relevant to this appeal, the appellant served subpoenas upon James S. and the mother seeking their depositions and the production of all written documents referencing, inter alia, allegations of child abuse and neglect and domestic violence. Thereafter, James S. moved, and the mother cross-moved, pursuant to CPLR 2304 to quash the subpoena served upon each of them. The Supreme Court granted the motion and the cross motion.
Article 31 of the CPLR applies to proceedings under Family Court Act article 10 (see Family Ct Act § 1038[d]). CPLR 3101(a)(4) provides that there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action by a nonparty, upon notice stating the circumstances or reasons such disclosure is sought or required. The words "material and necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity (see Forman v Henkin, 30 NY3d 656, 661; Matter of Kapon v Koch, 23 NY3d 32, 38; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Zupnick v City of New Rochelle, 173 AD3d 947). "The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d at 406; see Zupnick v City of New Rochelle, 173 AD3d at 949). Restricted only by the test of usefulness and reason, pretrial discovery is to be encouraged (see Hoenig v Westphal, 52 NY2d 605, 608). If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered material (see Allen v Crowell-Collier Publ. Co., 21 NY2d at 407; Zupnick v City of New Rochelle, 173 AD3d at 949). CPLR 3101(a)(4) imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source. As long as the disclosure sought is relevant to the prosecution or defense of an action, it must be provided by the nonparty (see Matter of Kapon v Koch, 23 NY3d at 38). The crux of the appellant's defense is that the mother has a history of fabricating allegations against him, including that he tried to murder or harm her and the children.
Here, the subpoenas served upon James S. and the mother, both nonparties to this Family Court Act article 10 proceeding, set forth on their face the circumstances and reasons for the requested disclosure (see CPLR 3101[a][4]). In support of the motion and cross motion, James S. and the mother failed to sustain their burden of demonstrating that the requested disclosure was "utterly irrelevant" to the article 10 proceeding or that the "futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]). The mother's remaining contention is without merit.
Accordingly, the Family Court should have denied James S.'s motion and the mother's cross motion to quash the subpoenas.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court