Tutor Perini Corp. v ERY Tenant LLC (2022 NY Slip Op 06776)

Tutor Perini Corp. v ERY Tenant LLC

2022 NY Slip Op 06776

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 657351/19 Appeal No. 16760 Case No. 2022-00622 

[*1]Tutor Perini Corporation, Plaintiff-Respondent,
v
ERY Tenant LLC, Defendant. Long Island Rail Road, Nonparty-Appellant,

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Gregory F. Laufer of counsel), for appellant.
Sheppard Mullin Richter & Hampton LLP, New York (Emily D. Anderson of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 20, 2022, which granted plaintiff Tutor Perini Corporation's motion to compel nonparty Long Island Rail Road to comply with subpoenas, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting Tutor Perini's motion, as a central issue in the litigation between Tutor Perini and defendant ERY Tenant LLC is LIRR's denial of ERY's request for a declaration of substantial completion. The denial of ERY's request, in turn, is the basis for ERY's refusal to release payments to Tutor Perini and for ERY's counterclaims against Tutor Perini. Thus, the depositions sought are material and necessary to the prosecution of Tutor Perini's claims and to its defense against ERY's counterclaims (see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]; Feiger v Ray Enters., LLC 195 AD3d 443, 443 [1st Dept 2021]).
Furthermore, Supreme Court's order was not overbroad. The court providently exercised its discretion and balanced the various entities' competing interests by allowing Tutor Perini to take one LIRR deposition before a decision on Tutor Perini's motion for partial summary judgment would be rendered, and then allowing for additional depositions as necessary (Andon v 302-304 Mott St. Assocs., 94 NY2d 740, 746 [2000]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022