Matter of Michael Y. v Dawn S. (2023 NY Slip Op 00193)

Matter of Michael Y. v Dawn S.

2023 NY Slip Op 00193

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Docket No. V-00510-13/18D, V-00510-13/18E, V-19184-13/18C, V-19184-13/18D, V-32171-13/18C, V-32171-13/18D Appeal No. 17101-17102 Case No. 2021-00943, 2021-03586 

[*1]In the Matter of Michael Y., Petitioner-Appellant
v
Dawn S. Respondent-Respondent, NYC Administration for Children's Services, Nonparty-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Deborah E. Wassel of counsel), for Administration for Children's services, respondent.
Carol Kahn, New York, for Dawn S., respondent.
Donna C. Chin, Niverville, attorney for the children.

Order, Family Court, New York County (Jessica I. Bourbon, J.), entered on or about March 24, 2021, which denied petitioner father's motion to hold the New York City Administration for Children's Services (ACS) in contempt for failing to comply with a judicial subpoena or to compel it to produce unredacted documents, unanimously reversed, on the law, without costs, and the matter remanded for in camera review of the subject reports and records to determine whether disclosure would be detrimental to the safety or interests of any source of the unfounded reports or whether any source was a mandated reporter, and thereupon determine whether ACS was in contempt or should be compelled to produce complete, unredacted reports. Order, same court and Judge, entered on or about September 24, 2021, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to hold respondent mother in contempt for her failure to comply with the terms of the parties' custody order, unanimously affirmed, without costs.
In his petition seeking modification of an order providing for the mother's visitation, the father alleged that the mother had made numerous false reports of child abuse or neglect against him, which were determined to be unfounded. As the subject of the unfounded reports, the father is a person entitled to receive access to the otherwise sealed reports (Social Services Law § 422 [5][a][iv]). The court issued a subpoena directing ACS to produce complete investigation progress notes and reports of suspected child abuse or maltreatment to him. ACS did not challenge the subpoena or move for a protective order (see CPLR 2304; 3103), but rather produced the requested documents in a redacted form so as to delete the name of the source or sources of the reports. The father moved to hold ACS in contempt, and ACS represented that it would produce unredacted documents. However, it then produced the identical redacted documents. When the father again moved for a contempt order or order compelling production, the court declined to review the documents in camera and denied the father's motion for contempt or to compel, finding the documents would not be admissible.
Under the particular circumstances of this case, we find that the father made a prima facie showing of the elements necessary to hold ACS in contempt for its failure to fully comply with a lawful judicial subpoena (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). The subpoena was a valid order expressing an unequivocal mandate, requiring ACS to produce "complete" investigation and unfounded reports of suspected child abuse concerning the children. ACS does not deny that it was aware of the order. Further, ACS did not comply with the subpoena, as it produced reports that redacted the names of sources, not complete reports. Finally, the father suffered prejudice, because his modification petition alleges that the mother was causing false abuse reports to be filed with the authorities, and [*2]the unredacted unfounded reports may be admissible in such a proceeding (see Matter of Youngok Lim v Sangbom Lyi, 299 AD2d 763, 766-767 [3d Dept 2002]; J.A.K. v V.M., 72 Misc 3d 743 [Civ Ct, Bronx County 2021]; Social Services Law § 422[5][b][i]). In any event, the issue of whether the documents will be admissible in the custody proceeding is not relevant to whether the unredacted material should be produced in discovery (see Matter of Kapon v Koch, 23 NY3d 32, 38-39 [2014]).
Once the father met his prima facie burden, it was incumbent on ACS to refute the showing or to offer evidence of a defense (see El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2d Dept 2013], affd 26 NY3d 19 [2015]). ACS asserted that Social Services Law §422(7) permits the commissioner "to prohibit the release of data that would identify the person who made the report or who cooperated in a subsequent investigation . . . which he reasonably finds will be detrimental to the safety or interests of such person." However, there was no indication that any such determination had actually been made. Since Family Court declined to review the reports in camera, there is nothing in the record to indicate whether the identity or identities of the source or sources of the unfounded reports were properly redacted, either because disclosure would be "detrimental to the safety or interests of such person" (Social Services Law § 422 [7]) or because the sources were mandated reporters (see DeLeon v Putnam Valley Bd. of Educ., 228 FRD 213, 216 [SD NY 2005]; Social Services Law § 413[1]). Without such determination, it cannot be established whether ACS had a meritorious defense to the contempt motion or the motion to compel. Accordingly, we remand for such determination, from which Family Court can then determine whether ACS should be ordered to produce the unredacted reports or held in contempt, in Family Court's discretion.
As to the father's application to hold the mother in violation of the custody order, the court providently determined that the father failed to prove all the elements necessary for a finding of civil contempt under Judiciary Law § 753 (see El-Dehdan v El Dehdan, 26 NY3d at 29). The mother testified that she advised the father of the planned trip for their children to North Carolina, to which the father did not object. For his part, the father relied solely on the affidavit he had submitted in connection with his contempt application in which he averred that he did not learn of the trip until the children's return. He provided no direct testimony on the matter. Family Court's credibility determinations are entitled to great weight, as it has the opportunity to observe the parties' demeanor and body language (see Matter of Siri V. [Julianna V.], 206 AD3d 506, 507 [1st Dept 2022]). Accordingly, on this record, Family Court's determination that the father failed to establish contempt by clear and convincing evidence was not an abuse of discretion (Pacific Alliance Asia Opportunity [*3]Fund L.P. v Kwok Ho Wan, 199 AD3d 423 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023