[11 NE3d 709, 988 NYS2d 559]

In the Matter of JOHN KAPON et al., Appellants, v WILLIAM I. KOCH, Respondent.

Argued February 19, 2014; decided April 3, 2014

## POINTS OF COUNSEL

*Zuckerman Spaeder LLP*, New York City (*Paul Shechtman* and *Brian K. Mahanna* of counsel), and *The Weinstein Law Firm PLLC* (*Andrew J. Weinstein* of counsel), for appellants. The courts below erred in not limiting the subpoenas. (*Matter of Welch*, 183 Misc 2d 890; *Matter of Ayliffe & Cos.*, 166 AD2d 223; *Matter of Roberts*, 214 App Div 271; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113; *Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 80 AD3d 199; *Catalano v Moreland*, 299 AD2d 881; *Tannenbaum v City of New York*, 30 AD3d 357; *Ledonne v Orsid Realty Corp.*, 83 AD3d 598; *Matter of Sutka v Conners*, 73 NY2d 395; *Oppenheimer Fund, Inc. v Sanders*, 437 US 340.)

*Irell & Manella LLP*, Los Angeles, California (*Moez M. Kaba, John C. Hueston* and *Bruce A. Wessel* of counsel), and *Morvillo Abramowitz Grand Iason & Anello P.C.*, New York City (*Edward M. Spiro* and *Adam L. Pollock* of counsel), for respondent. I. The courts below did not err in declining to quash the subpoenas. (*Ledonne v Orsid Realty Corp.*, 83 AD3d 598; *Allen v*

*Crowell-Collier Publ. Co.*, 21 NY2d 403; *Cirale v 80 Pine St. Corp.*, 35 NY2d 113; *Slabakis v Drizin*, 107 AD2d 45; *Kenford Co. v County of Erie*, 41 AD2d 586; *Wiseman v American Motors Sales Corp.*, 103 AD2d 230; *Gersten v New York Hosp.*, 81 AD2d 632; *Kelly v Shafiroff*, 80 AD2d 601; *Matter of Catskill Ctr. for Conservation & Dev. v Voss*, 70 AD2d 753; *Villano v Conde Nast Publs.*, 46 AD2d 118.) II. The Supreme Court and Appellate Division did not commit a "clear abuse of discretion" in declining to limit the use of appellants' depositions. (*Dove v Atlantic Capital Corp.*, 963 F2d 15; *Matter of American Express Prop. Cas. Co. v Vinci*, 63 AD3d 1055; *Garnot v LaDue*, 45 AD3d 1080; *148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486; *AGH Distribs. v Silvertone Fasteners*, 105 AD2d 648.)

## OPINION OF THE COURT

PIGOTT, J.

This appeal involves the service of a subpoena by a party seeking discovery from a nonparty pursuant to CPLR 3101 (a) (4), the subpoenaing party's notice obligation to a nonparty under that statutory provision, and the witness's burden when moving to quash the subpoena. We conclude that the subpoenaing party must first sufficiently state the "circumstances or reasons" underlying the subpoena (either on the face of the subpoena itself or in a notice accompanying it), and the witness, in moving to quash, must establish either that the discovery sought is "utterly irrelevant" to the action or that the "futility of the process to uncover anything legitimate is inevitable or obvious." Should the witness meet this burden, the subpoenaing party must then establish that the discovery sought is "material and necessary" to the prosecution or defense of an action, i.e., that it is relevant.

### I.

Petitioner John Kapon is a New York resident and Chief Executive Officer of Acker, Merrall & Condit Company (AMC), a New York corporation with a principal place of business in New York City. AMC is a retailer and auctioneer of fine and rare wines, and is the employer of petitioner Justin Christoph. In 2009, respondent William Koch, a wine collector, commenced a fraud action in California (California action) against Rudy Kurniawan alleging that Kurniawan had sold Koch 149 bottles of counterfeit wine through AMC's auctions and private sales. Neither AMC nor petitioners are parties to the California action. However, in 2008, Koch had commenced an action against

AMC in Supreme Court, New York County (New York action) concerning five bottles of alleged counterfeit wine that Kurniawan had consigned to AMC and that AMC had sold to Koch.

In early 2012, Koch, purportedly seeking disclosure in the California action, served subpoenas on petitioners pursuant to CPLR 3119. That section, known as the "Uniform Interstate Depositions and Discovery Act," provides a streamlined mechanism for disclosure in New York for use in an action that is pending in another state or territory within the United States (*see* CPLR 3119 [a] [3]; [b], [c]).

Petitioners commenced this special proceeding to quash the subpoenas pursuant to CPLR 2304. The petition also alternatively sought, among other relief, the imposition of a protective order pursuant to CPLR 3103 staying the deposition until both parties in the California action had been deposed, limiting the scope of the deposition questioning to matters material and necessary to that action, and limiting the use of the deposition transcripts to the California action. Petitioners asserted that the subpoenas were defective because they were served before Koch had taken defendant Kurniawan's deposition, failed to state with particularity the reasons why disclosure was sought, and constituted an "end-run" around the discovery deadline in the New York action.[1] Koch countered that petitioners possessed information that was relevant to the California action.

Supreme Court denied the motions to quash and for a protective order; it did, however, permit petitioners to object to, and decline to answer, deposition questions to the extent that the answers would divulge AMC's confidential information and trade secrets (37 Misc 3d 1211[A], 2012 NY Slip Op 51992[U] [2012]). The Appellate Division unanimously affirmed, holding that Supreme Court "providently exercised its discretion in denying petitioners' motion, since petitioners failed to show that the requested deposition testimony [was] irrelevant to the prosecution of the California action" (105 AD3d 650, 651 [1st Dept 2013] [citations omitted]). It also concluded that petitioners failed to meet their burden of articulating "a sufficient, non-speculative basis for postponing their depositions or imposing restrictions on the scope and use of their deposition testimony" (*id.*). This Court granted petitioners leave to appeal (21 NY3d 975 [2013]) and we now affirm.

---

**1.** Petitioners did not challenge the subpoenas duces tecum, and this appeal is limited to the motion to quash as it relates to petitioners' respective deposition testimonies.

## II.

Petitioners contend that CPLR 3101 (a) contains distinctions between disclosure required of parties and nonparties, and claim that on a nonparty's motion to quash a subpoena, the subpoenaing party has the initial burden of demonstrating a need for the disclosure in order to prepare for trial. We reject both arguments.

CPLR 3101 (a) (4) is one mechanism by which a party may obtain discovery from a nonparty (*accord* CPLR 3101 [a] [3]). It provides that "[t]here shall be full disclosure of all matter *material and necessary* in the prosecution or defense of an action, regardless of the burden of proof, by: . . . (4) any other person, upon notice stating the circumstances or reasons such disclosure is sought or required" (emphasis supplied).

Prior to its amendment in 1984, section 3101 (a) (4) required a party seeking disclosure from a nonparty to first obtain a court order based on "adequate special circumstances" (*see* former CPLR 3101 [a] [4]). The 1984 amendment loosened that requirement by "allow[ing] for the discovery of *any person* who possesses material and necessary evidence," and eliminating the requirement that a party seeking disclosure first obtain a court order; the intent underlying the amendment was to address case law that had interpreted former section 3101 (a) (4) as prohibiting parties from seeking discovery from nonparty witness without first securing a court order, an interpretation the legislature deemed "contrary to the purpose of the disclosure statutes" (Sponsor's Mem at 7, Bill Jacket, L 1984, ch 294).[2] Thus, while the typical mechanism of securing discovery from a nonparty pursuant to CPLR 3101 (a) (4) is the issuance of a subpoena with notice, that is the only meaningful distinction between the mechanisms seeking disclosure from parties and nonparties. Because a nonparty is likely to be less cognizant of the issues in pending litigation than a party, section 3101 (a) (4)'s notice provision mandates that the nonparty is apprised of the "circumstances or reasons" as to why the party seeks or requires the disclosure.

Petitioners, however, claim that section 3101 (a) (4)'s notice requirement establishes that the subpoenaing party has the burden of establishing the "circumstances or reasons" for the

---

2. The 1984 amendment retained the protections enumerated in CPLR 3103 and 3104 to avoid discovery abuses of nonparty witnesses (*see* Sponsor's Mem, Bill Jacket, L 1984, ch 294).

discovery on a nonparty's motion to quash. The "circumstances or reasons" language replaced former CPLR 3101 (a) (4)'s "adequate special circumstances" requirement. It is noteworthy, however, that the appellate departments, even before the 1984 amendment, liberally interpreted the "special circumstances" requirement as favoring disclosure so long as the party seeking it met the low threshold of demonstrating a need for the disclosure in order to prepare for trial (*see Villano v Conde Nast Publs.*, 46 AD2d 118, 120 [1st Dept 1974]; *Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 240 [2d Dept 1984]; *Matter of Catskill Ctr. for Conservation & Dev. v Voss*, 70 AD2d 753, 753 [3d Dept 1979]; *Kenford Co. v County of Erie*, 41 AD2d 586, 586 [4th Dept 1973]; *see also* Siegel, NY Prac § 345 [5th ed 2011] [explaining that courts "generously" read the "special circumstances" requirement to initially include a minimal demonstration that the nonparty was hostile, but gradually loosened that requirement so that a party needed to show only that there was a "need of the nonparty's deposition in order to prepare for trial"]).

Since the 1984 amendment, however, there has been a split among the departments concerning what "circumstances or reasons" are required before disclosure from a nonparty may be obtained pursuant to section 3101 (a) (4). The First and Fourth Departments have adopted a "material and necessary" standard, i.e., that the requested discovery is relevant to the prosecution or defense of an action (*see Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 111 [1st Dept 2006]; *Catalano v Moreland*, 299 AD2d 881, 882 [4th Dept 2002] [in dicta, applying "material and necessary" standard to CPLR 3101 (a) (4)]; *see also Hauzinger v Hauzinger*, 43 AD3d 1289, 1290 [4th Dept 2007], *affd* 10 NY3d 923 [2008]; *Schroder v Consolidated Edison Co. of N.Y.*, 249 AD2d 69, 70 [1st Dept 1998], *but see Tannenbaum v City of New York*, 30 AD3d 357, 358-359 [1st Dept 2006] [requiring a showing that information could not be obtained from another source]).

The Second and Third Departments, while acknowledging that the "special circumstances" requirement no longer applies, nonetheless require the party seeking discovery to meet the "material and necessary" standard and more. Specifically, in those departments, a motion to quash a subpoena will be granted if "the party issuing the subpoena has failed to show that the disclosure sought cannot be obtained from sources other than the nonparty, and properly denied when the party

has shown that the evidence cannot be obtained from other sources" (*Kooper v Kooper*, 74 AD3d 6, 16-17 [2d Dept 2010] [citations omitted]; *see American Heritage Realty LLC v Strathmore Ins. Co.*, 101 AD3d 1522, 1524 [3d Dept 2012]; *Cotton v Cotton*, 91 AD3d 697, 699 [2d Dept 2012]).

We conclude that the "material and necessary" standard adopted by the First and Fourth Departments is the appropriate one and is in keeping with this state's policy of liberal discovery. The words "material and necessary" as used in section 3101 must "be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Section 3101 (a) (4) imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source. Thus, so long as the disclosure sought is relevant to the prosecution or defense of an action, it must be provided by the nonparty.

Petitioners, however, contend that the Appellate Division erred in placing the burden on them to demonstrate that the deposition testimony was irrelevant to the California action. CPLR 3119 (e) requires, in relevant part, that "[a]n application to the court for a protective order or to . . . quash . . . a subpoena issued under this section must comply with the rules or statutes of this state and be submitted to the court in the county in which discovery is to be conducted." Consistent with that requirement, petitioners moved to quash the subpoenas and for a protective order. Petitioners claim that section 3101 (a) (4)'s directive that the subpoenaing party give the nonparty "notice stating the circumstances or reasons such disclosure is sought or required" requires the subpoenaing party to meet the initial burden of establishing the need for the deposition in preparing for trial. Thus, according to petitioners, the Appellate Division erred in requiring them to establish that the requested discovery was "irrelevant" to the California action. We disagree.

"An application to quash a subpoena should be granted '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious' . . . or where the information sought is 'utterly irrelevant to any proper inquiry' " (*Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988], citing *Matter of Edge Ho Holding Corp.*, 256 NY 374, 382 [1931] and *Matter of La Belle Creole Intl., S.A. v Attorney-General of State of N.Y.*, 10 NY2d 192, 196 [1961], quoting *Matter of Dairymen's League*

*Coop. Assn., Inc. v Murtagh*, 274 App Div 591, 595 [1948], *affd* 299 NY 634 [1949]). It is the one moving to vacate the subpoena who has the burden of establishing that the subpoena should be vacated under such circumstances (*see Matter of Dairymen's League Coop. Assn.*, 274 App Div at 595-596; *see also Ledonne v Orsid Realty Corp.*, 83 AD3d 598, 599 [1st Dept 2011]).

Although the nonparty bears the initial burden of proof on a motion to quash, section 3101 (a) (4)'s notice requirement nonetheless obligates the subpoenaing party to state, either on the face of the subpoena or in a notice accompanying it, "the circumstances or reasons such disclosure is sought or required." The subpoenaing party must include that information in the notice in the first instance (*see* Sponsors Mem, Bill Jacket, L 1984, ch 294), lest it be subject to a challenge for facial insufficiency (*see De Stafano v MT Health Clubs*, 220 AD2d 331, 331 [1995]). Contrary to petitioners' contention, however, the subpoenaing party's notice obligation was never intended by the legislature to shift the burden of proof on a motion to quash from a nonparty to the subpoenaing party, but, rather, was meant to apprise a stranger to the litigation the "circumstances or reasons" why the requested disclosure was sought or required.

The subpoenas here plainly satisfy the notice requirement. They not only included the date, time and location of the depositions, but also affixed copies of the amended complaint in the California action detailing the relationship between AMC and Kurniawan.[3] The notice served the function intended by the legislature: it gave petitioners sufficient information to challenge the subpoenas on a motion to quash. Once Koch met that minimal obligation, it was then petitioners' burden to establish that they were entitled to prevail on the motion to quash. The Appellate Division applied the correct standard when it held that the trial court did not abuse its discretion in denying petitioners' motion on the ground that they failed to meet their burden of establishing that their deposition testimonies were irrelevant to the California action.

Finally, petitioners contend that the Appellate Division erred in denying their request to limit the use of their depositions to the California action. The Appellate Division concluded that

---

**3.** This is not to say that a pleading will always provide sufficient notice, or that the only way the subpoenaing party can comply with the "circumstances or reasons" notice requirement is to affix a copy of the pleadings to the subpoena.

petitioners' application was insufficient to establish the imposition of such an order, and there is no basis in the record to disturb that holding.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, RIVERA and ABDUS-SALAAM concur; Judge SMITH taking no part.

Order affirmed, with costs.