Matter of 91 St. Crane Collapse Litig. (2018 NY Slip Op 01651)





Matter of 91 St. Crane Collapse Litig.


2018 NY Slip Op 01651


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


110069/08 6006N 590943/08 590956/08 6005

[*1] In re 91 Street Crane Collapse Litigation
Giuseppe Calabro, Plaintiff-Respondent,
v
The City of New York, et al., Defendants, 1765 Associates, LLC, et al., Defendants-Appellants. 
[And Other Actions]


Nicoletti Hornig & Sweeney, New York (Barbara A. Sheehan of counsel), for 1765 First Associates, LLC, appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Marcia K. Raicus of counsel), for DeMatteis Construction and Leon D. DeMatteis Construction Corporation, appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 19, 2017, which to the extent appealed from, denied defendants-appellants' motions pursuant to CPLR 3119 for permission to conduct depositions of plaintiff's out-of-state treating doctors and health care providers, unanimously affirmed, without costs.
In this Labor Law action, plaintiff alleges he was injured when he tripped and fell while running to avoid being struck by a collapsing tower crane. The moving defendants have obtained medical records from plaintiff's doctors and health care providers in Kentucky, Illinois and Indiana, or authorizations for such records, but seek to depose the doctors as well.
CPLR 3119, which adopted the Uniform Interstate Deposition and Discovery Act, provides a mechanism for disclosure in New York for use in an action that is pending in another state or territory within the United States (Matter of Kapon v Koch, 23 NY3d 32 [2014]), not the other way around. Thus, it is not applicable in this case, in which parties to an action pending in New York seek discovery from out-of-state witnesses. In any event, the court providently exercised its discretion in denying the relief sought since the moving defendants failed to show that the testimony they seek is unrelated to diagnosis and treatment and is the only avenue of discovering the information sought (see Tuzzolino v Consolidated Edison Co. of N.Y., 135 AD3d [*2]447 [1st Dept 2016]; Ramsey v New York Univ. Hosp. Ctr., 14 AD3d 349, 350 [1st Dept 2005]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK