Matter of Pepsi-Cola Bottling Co. of N.Y., Inc. v New York Pepsi-Cola Distribs. Assn., Inc. (2019 NY Slip Op 03901)





Matter of Pepsi-Cola Bottling Co. of N.Y., Inc. v New York Pepsi-Cola Distribs. Assn., Inc.


2019 NY Slip Op 03901


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


652209/18

[*1]9343N In re Pepsi-Cola Bottling Company of New York, Inc., Petitioner-Appellant,
v
New York Pepsi-Cola Distributors Association, Inc., Respondent-Respondent, A.J.A. Beverage Distributors, Inc., et al., Respondents.


Epstein Becker & Green, P.C., New York (Patrick G. Brady of counsel), for appellant.
Haynes and Boone, LLP, New York (David Fleischer of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered August 24, 2018, which denied, in part, petitioner's motion pursuant to CPLR 7502(c) to quash an arbitration subpoena, and granted, in part, respondent's cross motion to compel compliance with the subpoena, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant petitioner's motion to quash the subpoena in its entirety but limiting the scope of respondent's requests for information. Respondent seeks higher commissions to be paid to its members for their sale and delivery of certain beverage products. The arbitrator declined to bifurcate the proceedings to consider first whether, under the terms of the parties' distribution agreement, respondent may properly seek an arbitration ruling raising the commission rates they are paid for their sale and delivery of certain beverage products, and determined to hear all issues raised in respondent's arbitration demand together. With the limitations in the scope of respondent's requests for information in place, the business-sensitive materials and information requested in the subpoena are not "utterly irrelevant" to the issues that are presently before the arbitrator (see Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]; Harold Levinson Assoc., Inc. v Wong, 128 AD3d 566 [1st Dept 2015]; Ledonne v Orsid Realty Corp., 83 AD3d 598 [1st Dept 2011]). To the extent the requested information is commercially sensitive, it can adequately be protected by a confidentiality agreement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK