Bene LLC v New York SMSA L.P. (2020 NY Slip Op 03617)





Bene LLC v New York SMSA L.P.


2020 NY Slip Op 03617


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11715 156876/14

[*1] Bene LLC, Plaintiff-Appellant,
v
New York SMSA Limited Partnership, Defendant-Respondent, A-Z Corporations, et al., Defendants. Leslie J. Snyder, Esq., Nonparty Respondent.


Garth Molander, Bohemia, for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City (Christopher T. Cafaro of counsel), for New York SMSA Limited Partnership, respondent.
Snyder & Snyder, LLP, Tarrytown (Carlotta Cassidy of counsel), for Leslie J. Snyder, respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about July 10, 2019, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss and for summary judgment to the extent of dismissing as time-barred any breach of contract claim that accrued before July 14, 2008, granted defendant's and nonparty Leslie Snyder, Esq.'s motions to quash subpoenas issued by plaintiff to Sedgwick Claims Management Services, Inc. and Snyder, respectively, and sub silentio denied plaintiff's cross motions to compel, unanimously affirmed, without costs.
The motion court correctly rejected plaintiff's argument that defendant is equitably estopped to assert a statute of limitations defense. The record demonstrates as a matter of law that defendant's conduct in negotiating a settlement with plaintiff did not induce plaintiff to refrain from timely commencing this action (see Dailey v Mazel Stores, 309 AD2d 661, 663 [1st Dept 2003]). The court also correctly found that any information plaintiff seeks to uncover regarding the involvement of nonparties Sedgewick and Snyder in negotiating a settlement is irrelevant (see Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK