Prime Alliance Group, Ltd. v Affiliated FM Ins. Co. (2021 NY Slip Op 00442)





Prime Alliance Group, Ltd. v Affiliated FM Ins. Co.


2021 NY Slip Op 00442


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11813
 (Index No. 601329/14)

[*1]Prime Alliance Group, Ltd., et al., respondents,
v
Affiliated FM Insurance Company, et al., defendants, Praxis International Corporation, appellant.


Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg and Justin R. Waytowich of counsel), for appellant.
Law Office of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Alan S. Zigman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance policy, the defendant Praxis International Corporation appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered September 14, 2018. The order, insofar as appealed from, granted the plaintiffs' motion to quash a subpoena served by the defendant Praxis International Corporation on the plaintiffs' prior attorney, Jonathan Wilkofsky.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The facts of this case are set forth in a decision and order on a prior appeal (see Prime Alliance Group, Ltd. v Affiliated FM Ins. Co., 159 AD3d 845), in which this Court denied that branch of the motion of the defendant Praxis International Corporation (hereinafter Praxis) which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. Thereafter, Praxis served a subpoena on, among others, prior counsel for the plaintiffs, who was involved in negotiating the plaintiffs' settlement agreement with the defendant Affiliated FM Insurance Company (hereinafter Affiliated). In opposition to the plaintiffs' motion to quash that subpoena, Praxis contended that the plaintiffs waived their attorney-client privilege and attorney work product privilege by placing their beliefs concerning the settlement with Affiliated "at issue" in this action. The Supreme Court granted the motion to quash, and we affirm.
The plaintiffs sustained their burden on the motion to quash by establishing that their beliefs concerning the settlement with Affiliated are utterly irrelevant to the issues in this action (see Matter of Kapon v Koch, 23 NY3d 32, 39).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.

2018-11813 DECISION & ORDER ON MOTION
Prime Alliance Group, Ltd., et al., respondents,
v Affiliated FM Insurance Company, et al., defendants,
Praxis International Corporation, appellant.
(Index No. 601329/14)

Motion by the respondents on an appeal from an order of the Supreme Court, Nassau County, entered September 14, 2018, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record, and to strike Points III and IV of the appellant's brief on the ground that they improperly raise issues for the first time on appeal. By decision and order on motion of this court dated November 13, 2019, those branches of the motion which are to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record and to strike Points III and IV of the appellant's brief on the ground that they improperly raise issues for the first time on appeal, were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted to the extent that those portions of the appellant's brief referring to matters dehors the record which are listed as item "1," to the extent it seeks to have the first two paragraphs on page 6 of the appellant's brief stricken, and items "2" through "5" and "8" and "9," as referenced on pages 7 through 10 of the affirmation in support of the motion by Steven Cohn dated June 25, 2019, are deemed stricken and have not been considered on appeal; and it is further,
ORDERED that the branch of the motion which is to strike Points III and IV of the appellant's brief on the ground that they improperly raise issues for the first time on appeal is denied.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court