Matter of Radio Drama Network, Inc. (2023 NY Slip Op 01243)

Matter of Radio Drama Network, Inc.

2023 NY Slip Op 01243

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

File No. 2056A/10 Appeal No. 17265 Case No. 2022-04406 

[*1]In the Matter of Radio Drama Network, Inc., etc., Grantor.
Radio Drama Network, Inc., Petitioner-Appellant,
Richard L. Kay etc., et al., Respondents-Respondents.

Carter Ledyard & Milburn LLP, New York (Judith M. Wallace of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Jeffery H. Sheetz of counsel), for respondents.

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered September 15, 2022, which, to the extent appealed from as limited by the briefs, granted, in part, the motion of respondent Richard L. Kay to quash the subpoena served by petitioner Radio Drama Network, Inc. (RDN) on nonparty Matthew Forman and for a protective order concerning Forman's deposition, unanimously reversed, on the law, with costs, and respondents' motion to quash and for a protective order precluding the discovery sought in document requests 1 through 6, including questions at Forman's deposition denied.
Decedent Himan Brown established the Himan Brown Revocable Trust in 2002, naming himself as trustee and RDN as the remainder beneficiary of most of the Trust's assets. Brown transferred about $100 million to the Revocable Trust. In 2003, Brown executed a restatement to the Revocable Trust, naming Kay, his longtime lawyer, as a successor trustee and setting Kay's commissions at the executor rate, which resulted in Kay receiving an additional $1.7 million in commissions. In 2004, Brown revised his will so as to remove the Revocable Trust as sole beneficiary and to name RDN instead. In addition, in that same year, Brown executed a restatement to the Revocable Trust, removing RDN as remainder beneficiary and substituting the Himan Brown Charitable Trust, which would be established upon Brown's death, in RDN's place. Kay would be the sole trustee of the Charitable Trust with the power to allocate trust assets to charities of Kay's choice. Brown died in 2010.
RDN commenced this action in 2015, and contends that the transfer of substantially all of Brown's assets to the Revocable Trust rendered the bequest of the estate to RDN meaningless. The instruments memorializing the transactions were drafted by Kay or his associates, and RDN alleges that the purpose of the instruments was to effectuate Kay's scheme to gain control over Brown's assets. RDN seeks, among other things, to invalidate the provisions creating the Charitable Trust and providing for Kay to receive commissions at the executor rate, to impose a constructive trust on the assets of the Charitable Trust, and to reinstall RDN as the residuary beneficiary of the Revocable Trust.
In March 2022, RDN served a subpoena seeking documents and deposition testimony from Forman, a resident of Florida and Kay's former personal trainer, whom Kay had hired as a consultant to the Charitable Trust and appointed as a co-trustee of the Charitable Trust. Kay moved to quash the subpoena and sought a protective order. The motion court granted that request to the extent of quashing document requests 1 through 6, which sought documents about Kay's conduct and actions after Brown's death, including: (1) communications between Forman and Kay concerning Forman's employment and payment; (2) communications between Forman and Kay about Forman's role as consultant, including his qualifications, compensation, responsibilities and the [*2]terms of his employment; (3) documents relating to Forman's prior experience and qualifications for this role; (4) documents concerning Forman's role as co-trustee of the Charitable Trust; (5) documents about the Charitable Trust's grantmaking activities and grant recipients; and (6) documents about any personal connection by Kay or his family to any Charitable Trust grant recipient. The motion court also precluded RDN from asking questions relevant to those requests at Forman's deposition. RDN appeals to the extent that the motion court granted this relief.
The Surrogate's Court erred in quashing portions of the subpoena and issuing a protective order. First, Kay does not have standing to contest the subpoena served on Forman, since none of the information sought, including Forman's education and experience, the process of hiring him as a consultant and appointing him co-trustee, or his knowledge of Charitable Trust activities, is proprietary or privileged (see Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 194-195 [2d Dept 2013] ["A person other than one to whom a subpoena is directed has standing to move to quash the subpoena where he or she has a proprietary interest in the subject documents or where they involve privileged communications"]).
Moreover, document requests 1 through 6 are not "utterly irrelevant" to RDN's claims, nor is "the futility of the process to uncover anything legitimate [from them]. . . inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). As we have previously stated,
"While trial courts undoubtedly possess a wide discretion to decide whether information sought is material and necessary to the prosecution or defense of an action, such discretion is not unlimited. . . , and disclosure is required where it will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018] [internal quotation marks omitted]).
Here, Kay admits that he lost or destroyed his notes from the drafting and execution of the instruments at issue, and that there were no witnesses to those events. As a result, RDN will likely have to rely on circumstantial evidence, including evidence of Kay's actions after 2010 when he commenced serving as trustee, in order to prove its case. Under these circumstances, evidence of Kay's conduct after 2010, including his communications with Forman about the Charitable Trust and Forman's role as consultant and co-trustee, the choice of grant recipients, and any benefits Kay or his family may have derived from the Charitable Trust are relevant to RDN's claim that Kay engaged in a scheme to obtain control over Brown's assets.
We have considered RDN's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023