Balsamello v Structure Tone, Inc. (2024 NY Slip Op 02251)

Balsamello v Structure Tone, Inc.

2024 NY Slip Op 02251

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 160335/18 Appeal No. 2143 Case No. 2023-04368 

[*1]Tricia Balsamello, Plaintiff-Respondent,
v
Structure Tone, Inc., Defendant, Sherland & Farrington, Inc., Defendant-Appellant.

Malapero Prisco & Klauber LLP, New York (Robert L. Emmons of counsel), for appellant.
Robinson Yablon Cooper & Bonfante, LLP, New York (Jason Levine of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 6, 2023, which, insofar as appealed from as limited by the briefs, denied the motion of defendant Sherland & Farrington, Inc. (S&F) for a property inspection, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.
Plaintiff, an employee of nonparty Goldman Sachs, injured herself in Goldman Sachs's building at 200 West Street in Manhattan. The injury allegedly occurred when plaintiff, while working in a photocopier room on the 32nd floor, stepped into a vent hole in the floor from which a swirl diffuser cover had become displaced. A few weeks before the incident, defendant S&F, a carpet and flooring subcontractor, had removed an old carpet and laid down a new carpet in the photocopier room. In this action, plaintiff seeks to recover damages for her injuries from S&F and from defendant Structure Tone, Inc., the general contractor that had engaged S&F.
During the course of discovery, S&F requested permission to conduct an inspection of the site of plaintiff's accident. Goldman Sachs, the owner of the premises, did not object to the inspection and, initially, plaintiff herself did not object, either. However, several months after the first agreed date for the inspection was cancelled at plaintiff's request, plaintiff withdrew her consent to the inspection and requested that Goldman Sachs block the inspection. Thereafter, S&F served a formal notice of inspection pursuant to CPLR 3120 and subsequently made a motion to compel the inspection pursuant to CPLR 3120 and 3124. Supreme Court denied the motion on the ground that, because the displaced swirl diffuser cover had been replaced, the inspection S&F sought was unlikely to lead to useful information. Upon S&F's appeal, we reverse.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The Court of Appeals has directed that the phrase "material and necessary" in this statute should be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Kapon v Kapon, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]). Under this standard, S&F is entitled to inspect the site of the incident giving rise to plaintiff's allegedly serious injuries.
While the replacement of the swirl diffuser cover might reduce the likelihood that a site inspection will produce evidence useful to S&S's defense, it does not make it certain that an inspection will be useless. Plaintiff's contention, adopted by Supreme Court, that, due to the replacement of the swirl diffuser cover, the inspection will not yield information useful to S&F's defense, is speculative and does not furnish grounds for denying S&F the right to conduct the inspection. It is for S&F, not its adversary[*2], to determine whether the inspection of the site of the accident is sufficiently likely to produce relevant information to be worth S&F's time and effort.
In opposing S&F's appeal, plaintiff quotes the authorization granted to courts by CPLR 3103(a) to "deny[], limit[], condition[], or regulat[e] the use of any disclosure device." Plaintiff, however, fails to place that authorization in the context of the entirety of CPLR 3103(a), which provides in full as follows:
"Prevention of abuse. The court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (emphasis added).
Thus, a court's power to limit otherwise proper use of a disclosure device should be exercised only for the purpose of avoiding "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice."
We fail to see how an inspection of the site of the accident giving rise to this lawsuit would impose on plaintiff, or on anyone else, any of the burdens enumerated by CPLR 3103(a) to an "unreasonable" extent. Certainly, an inspection — which is not opposed by Goldman Sachs, the owner of the premises, and to which plaintiff herself originally did not object — will cause no one any degree of "annoyance," "embarrassment," "disadvantage," or "prejudice." While being present at the inspection, if a party so chooses, will cause the party to incur some "expense," the relatively modest expense of appearing at a site inspection cannot be deemed unreasonable in the context of litigation over serious personal injuries. Indeed, it seems likely that plaintiff's counsel has expended far more resources in seeking to prevent the inspection than counsel would have expended in simply appearing at the inspection, if counsel so chose, without seeking to avert it. Accordingly, S&F, in defending this lawsuit, should have an opportunity to inspect the site of the accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024