Matter of Johnson & Johnson v Northwell Health Inc. (2024 NY Slip Op 04909)

Matter of Johnson & Johnson v Northwell Health Inc.

2024 NY Slip Op 04909

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, JJ. 

Index No. 153527/24, 153220/24 Appeal No. 2739-2740 Case No. 2024-03951, 2024-03913 

[*1]In the Matter of Johnson & Johnson et al., Petitioners-Appellants,
v
Northwell Health Inc., Respondent-Respondent. In the Matter of Dr. Jacqueline Moline, Petitioner-Respondent,

Patterson Belknap Webb & Tyler LLP, New York (Thomas P. Kurland of counsel), for appellants.
Gordan Law, LLP, Katonah (Michael R. Gordon of counsel), for Northwell Health Inc., respondent.
Marino, Tortorella & Boyle, P.C., New York (Kevin H. Marino of counsel), for Dr. Jacqueline Moline, respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered June 21, 2024, which denied the petition to enforce an out-of-state subpoena dated March 14, 2024, under index No. 153527/24, unanimously reversed, on the law, facts and in the exercise of discretion, without costs, and the petition granted. Order, same court and Justice, entered same date, which, under index No. 153220/24, insofar as appealed from as limited by the briefs, granted the petition to quash and denied the cross-petition to enforce an out-of-state subpoena dated March 14, 2024, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition denied and the cross-petition granted.
The information sought by the subpoenas — i.e., the identities of the subjects of two scholarly articles concerning the link between cosmetic talcum powder products and mesothelioma — is clearly relevant to the underlying New Jersey personal injury action. It goes directly to the credibility of these articles, which speak to the central issues in dispute and are relied on by three testifying experts, and whose author was to testify as an expert until she voluntarily withdrew (see Bell v American Intl. Indus., 627 F Supp 3d 520, 524-525, 529-532 [MD NC 2022]).
The information sought by the subpoenas is not protected from disclosure by HIPAA's privacy rule, which does not apply where, as here, the health care providers did not provide physician services in connection with the articles and the subjects were never their patients (see 45 CFR 160.103; Miller v Allstate Fire & Cas. Ins. Co., 2009 WL 700142, *3-4, 2009 US Dist LEXIS 21225, *8 [WD Pa, Mar. 17, 2009, Civil No. 07-260]; Matter of Asbestos Prods. Liab. Litig., 256 FRD 151, 155 [ED Pa 2009]).
The information sought by the subpoenas is also not protected from disclosure by the federal Common Rule because the articles to which they relate fall within the exemption for secondary research based on publicly available identifiable private information or biospecimens (see 45 CFR 46.104[d][4][i]; 82 Fed Reg 7149, 7194). The burden was on the party opposing the subpoenas to prove that this information was produced in the underlying litigations subject to a protective order (see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]). Neither party opposing disclosure of the information has offered any such proof.
Production of the information sought by the subpoenas would not be unduly burdensome, nor is it likely to have a chilling effect on future medical research. The subject information consists of just a few pages, is easily located, does not concern ongoing research, and does not reveal the unpublished thought processes of the researchers. Moreover, the subjects never actually agreed to participate in any research, having released their information in connection with public litigation, and so it is unclear how allowing disclosure of their identities might deter future research participation (see Bell, 627 [*2]F Supp 3d at 536).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024