Matter of Karloutsos v Newsmax Media, Inc. (2025 NY Slip Op 01190)

Matter of Karloutsos v Newsmax Media, Inc.

2025 NY Slip Op 01190

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 162265/23|Appeal No. 3937|Case No. 2024-05536|

[*1]In the Matter of Alexander Karloutsos, Petitioner-Respondent,
v
Newsmax Media, Inc., Respondent-Appellant.

Bailen Law, New York (Mark I. Bailen of counsel), for appellant.
Sitaras & Associates, PLLC, New York (George Sitaras of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered August 12, 2014, which granted petitioner's motion to quash a subpoena and for a protective order, and denied respondent's cross-motion to compel discovery, unanimously reversed, on the law, without costs, and the matter remanded for determination of the motion to quash and the cross-motion to compel.
Supreme Court improvidently declined to review the subpoena, finding instead that the matter should be submitted to the Special Master or Judge presiding over the underlying action in the Superior Court of Delaware. An application to quash a subpoena will be granted when the party moving to vacate the subpoena establishes "the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38-39 [2014]). Thus, the court should have determined whether petitioner had met his initial burden of establishing utter irrelevance before granting the affirmative relief sought in the motion. That the Delaware court may have been more familiar with the underlying facts and circumstances was not a proper basis for granting the relief petitioner requested.
Petitioner's attempts to shift the burden of proof to respondent to show that the information sought was material and necessary are not persuasive (see id.; see also Matter of Thomson v Zillow, Inc., 51 Misc 3d 1050, 1054 [Sup Ct, NY County 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025