Sawyer v 1120 Fifth Ave. Corp. (2025 NY Slip Op 02890)

Sawyer v 1120 Fifth Ave. Corp.

2025 NY Slip Op 02890

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 154090/21|Appeal No. 4343|Case No. 2024-06483|

[*1]Elizabeth Sawyer, Plaintiff,
v
1120 Fifth Avenue Corporation et al., Defendants-Respondents. Linda Gelfond Stein et al., Nonparty-Appellants.

Akerman LLP, New York (Kathleen M. Prystowsky of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 21, 2024, which denied nonparty appellants' motion to quash nonparty subpoenas, directed appellants to meet and confer with defendants in a good-faith attempt to narrow the demands of the subpoenas, and denied appellants' motion to disqualify nonparties Rosenberg & Estis P.C. and Dinsmore & Shohl LLP as defendants' counsel, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying appellants' motion to quash the nonparty subpoenas (see CPLR 3101[a][4]; Matter of Kapon v Koch, 23 NY3d 32, 38 [2014]). The court properly found that the information sought in the subpoenas was "not utterly irrelevant to any proper inquiry" (Kapon, 23 NY3d at 38 [internal quotation marks omitted]), while finding some of the requests to be overbroad. Thus, rather than quash the subpoenas outright, the court directed the parties to meet and confer in an effort to narrow the scope of them. Tailoring the scope of the demands without granting a motion to quash outright is consistent with New York law (see e.g. Gottwald v Geragos, 61 Misc 3d 1214[A], 2018 NY Slip Op 51506[U] [Sup Ct, NY County 2018], affd 172 AD3d 445 [1st Dept 2019]; see also Sky Coverage Inc. v Alwex Inc., 2022 NY Misc LEXIS 37329, *1 [Sup Ct, NY County, Jan. 28, 2022, index No. 652604/2018]).
The motion court properly exercised its discretion in finding that appellants failed to establish that disqualification of Rosenberg and Dinsmore was necessary (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; see also Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 13 [1st Dept 2016], affd 31 NY3d 1002 [2018]). Importantly, the court properly found that there was no prior attorney-client relationship between appellants and Rosenberg or Dinsmore. Appellant Linda Stein made clear on numerous occasions that Rosenberg did not represent her in this action; she was represented by separate counsel, and it is undisputed that appellant Stanley Stein was never represented by Rosenberg or Dinsmore at all. Sharing documents under a joint defense agreement does not create an attorney-client relationship.
Regardless, even assuming that appellants had a prior attorney-client relationship with Rosenberg, Rosenberg would still not be subject to disqualification because defendants are not currently adverse to appellants. Relying on Martin v Daily News, L.P. (2010 NY Slip Op 31039[U] [Sup Ct, NY County 2010]), the motion court properly declined to disqualify Rosenberg, since subpoenaed nonparties (such as the appellants here) are not automatically in an adversarial relationship with the subpoena's issuer. This is particularly true here, as appellants have already settled this case, and thus are at no risk of further liability. Accordingly, the court's decision not to disqualify Rosenberg was well-supported and within the court's broad discretion, and [*2]will not be disturbed.
We have considered appellants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025