Landa v Friedman (2025 NY Slip Op 03159)

Landa v Friedman

2025 NY Slip Op 03159

Decided on May 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Mendez, Shulman, JJ. 

Index No. 657198/21, 595676/22|Appeal No. 4441|Case No. 2023-05747|

[*1]Mark Landa etc., Plaintiff-Respondent,
v
Alexander Friedman, Defendant-Appellant.

Alexander Friedman, Third-Party Plaintiff-Appellant
v
Mark Landa, Third-Party Defendant-Respondent, Elizabeth Friedman et al., Third-Party Defendants.

Cullen and Dykman, LLP, New York (Kyle G. Kunst of counsel), for appellant.
Hiller, PC, New York (Jason E. Zakai of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about October 12, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to quash the subpoena served by defendant Alexander Friedman on nonparty E*Trade Securities, LLC, unanimously reversed, on the law, with costs, and the motion denied.
This breach of contract action commenced by plaintiff, as Trustee of the Golda Landa 2011 Irrevocable Trust (the Trust), against his former son-in-law, defendant Friedman, concerns the repayment of certain promissory notes. The Trust was created by nonparty Golda Landa in 2011. Friedman served the subject subpoena on nonparty E*Trade several weeks prior to the deadline for filing the note of issue. Among other things, the subpoena sought E*Trade's accounts held by the Trust, including account statements sufficient to determine the Trust's assets and whether the Trust has been dissolved.
The court improperly granted the motion to quash the subpoena, as plaintiff failed to establish that the information sought by the subpoena was "utterly irrelevant" to the issues in this action (see Matter of Kapon v Koch, 23 NY3d 32, 38-39 [2014] [internal quotation marks omitted]). The information sought in the subpoena was plainly relevant to the issues of (1) whether the Trust has been dissolved, (2) whether the promissory notes can be enforced, and (3) whether the promissory notes represented a loan or a gift. The assets contained in the Trust — and whether the Trust has been dissolved — are critical, and likely dispositive, issues. Importantly, the promissory notes were issued by the Trust, and thus whether the Trust has been dissolved is critical to whether the promissory notes can be enforced.
Friedman is entitled to documentation that bears light on whether the Trust currently retains assets. Regarding the E*Trade account, plaintiff directly put the account at issue when he produced a heavily redacted E*Trade account statement as evidence that the Trust continued to exist. The information sought in the subpoena, and whether the Trust continued to hold "assets" other than the alleged promissory notes, is also material to Friedman's defense that the promissory notes were not themselves Trust assets, but evidence of gifts. Accordingly, Friedman should not have been denied access to this critical information that is relevant to his defenses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2025