Matter of Anheuser-Busch in Bev SA/NV v BBSR, LLC (2025 NY Slip Op 03272)

Matter of Anheuser-Busch in Bev SA/NV v BBSR, LLC

2025 NY Slip Op 03272

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 160735/24|Appeal No. 4509|Case No. 2025-00253|

[*1]In the Matter of Anheuser-Busch In Bev SA/NV, Petitioner-Respondent,
v
BBSR, LLC, Respondent-Appellant.

Freedman Normand Friedland LLP, New York (Jordana Haviv of counsel), for appellant.
Cadwalader, Wickersham & Taft LLP, New York (Brian D. Wallach of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 30, 2024, which granted the motion of petitioner Anheuser-Busch In Bev SA/NV (Anheuser InBev) to quash a nonparty subpoena served by respondent BBSR, LLC on Marcel Marcondes, unanimously reversed, on the law, the facts, and in the exercise of discretion, with costs, and the motion denied.
The subpoena to depose Marcondes, Anheuser InBev's chief marketing officer, with its accompanying document demand and related correspondence satisfies the minimal notice requirements under CPLR 3101(a)(1) and provided Marcondes with sufficient information to challenge the subpoena (see Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]).
The motion to quash should have been denied because Anheuser InBev failed to demonstrate that Marcondes's testimony was "utterly irrelevant" or that "uncover[ing] anything legitimate" would be futile (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]; see CK Opportunities Fund I, L.P. v Morgan Stanley Senior Funding, Inc., 236 AD3d 585 [1st Dept 2025]; Gross v Hazan-Gross, 201 AD3d 587, 588 [1st Dept 2022]). Marcondes's testimony is sought in connection with an action pending in Connecticut concerning decisions that were made when he was chief marketing officer of nonparty Anheuser-Busch, LLC concerning the rebranding of SpikedSeltzer. Marcondes represented MANCOM, Anheuser's executive committee, on the rebranding team for SpikedSeltzer and regularly communicated regarding the rebrand with Chelsea Phillips, a marketing vice president in charge of the rebrand's day-to-day operations, who had to align her decisions with Marcondes, and met with members of the rebranding team to ensure their alignment with MANCOM strategy.
Anheuser InBev has not shown that Marcondes lacks "'unique knowledge'" relating to the dispute or that Phillips's testimony alone sufficed (see Gross v Hazan-Gross, 201 AD3d at 588). As MANCOM's representative on the rebranding team, Marcondes possessed unique knowledge of the executive committee's decision to move SpikedSeltzer into the Beyond Beer division, where BBSR alleges its principals were deprived of control over its formula and design, and ultimately, where BBSR alleges that Anheuser abandoned Spiked Seltzer to create a competitive product.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025