Passantino v City of New York (2025 NY Slip Op 03976)

Passantino v City of New York

2025 NY Slip Op 03976

Decided on July 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Index No. 22973/14|Appeal No. 4664|Case No. 2024-05424|

[*1]Joseph Passantino, Plaintiff,
v
The City of New York, et al., Defendants-Respondents, New York City School Construction Company, et al., Defendants-Appellants. [And A Third-Party Action]

Marshall Dennehey, P.C., Melville (Loring I. Fenton of counsel), for appellants.
Harris Beach Murtha Cullina PLLC, New York (Andrew J. Orenstein of counsel), for respondents.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered August 2, 2024, which granted the cross-motion of defendants/third-party plaintiffs The City of New York and New York City Department of Education (collectively, the City) to quash the subpoenas, and, in effect, denied the motion of defendants New York City School Construction Authority and Admiral Construction LLC to compel depositions of two subpoenaed witnesses, unanimously affirmed, without costs.
Defendants' motions to compel the deposition testimony of two former Department of Education employees were properly served because the motions were addressed to them individually, as nonparties, and afforded them proper notice of the claims at issue. The City's cross-motion to quash the subpoenas, which were not made returnable in court, was not untimely because the City engaged in a good faith request to have the subpoenas withdrawn or modified prior to filing its motion to quash (see CPLR 2304; Matter of Friedman v Hi-Li Manor Home for Adults, 42 NY2d 408, 413 [1977]).
Supreme Court providently exercised its discretion in granting the City's cross-motion to quash the subpoenas. The City demonstrated the futility of the process to uncover anything legitimate via depositions of the subpoenaed former school principals as to the individual plaintiff's claims of an injurious trip and fall on the scaffold in a fenced-off, locked area that was restricted to construction workers (see Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]). There was no evidence the former principals had personal knowledge of the circumstances of the individual plaintiff's fall or of the alleged tripping hazards on the scaffold. In opposition, defendants failed to demonstrate that the deposition testimony of the principals was material and necessary to assist in addressing the premises liability issues (see id.).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2025