Haimovici v Castle Vil. Owners Corp. (2026 NY Slip Op 00084)

Haimovici v Castle Vil. Owners Corp.

2026 NY Slip Op 00084

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 156094/22|Appeal No. 5584-5585|Case No. 2025-02136, 2025-02209|

[*1]Gabriel Haimovici, Appellant,
vCastle Village Owners Corp., et al., Respondents.

Gregory A. Sioris, Attorney at Law, New York (Gregory A. Sioris of counsel), for appellant.
Abrams Garfinkel Margolis & Bergson, LLP, New York (Alexander Rabinowitz of counsel), for respondents.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about February 4, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's cross-motion to compel unredacted discovery and a deposition of the former counsel of defendant Castle Village Owners Corp. (Cooperative), unanimously affirmed, with costs. Order, same court and Justice, entered on or about June 4, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel the deposition of defendant Andrew Ditton, unanimously affirmed, with costs.
The motion court providently declined to compel defendants to produce unredacted versions of already produced documents. Defendants established that the redacted material concerned either internal communications among defendants and the Cooperative's manager regarding legal advice provided by nonparty Jeremy Cohen, the Cooperative's former counsel (see Bank Brussels Lambert v Credit Lyonnais [Suisse] S.A., 160 FRD 437, 442 [SD NY 1995]), or sensitive personal information to protect a witness (see Matter of Afilalo, 139 AD3d 175, 180 [1st Dept 2016]). The motion court also providently declined to compel the deposition of Cohen, as the record indicates that his deposition is not material and necessary to the action, and the relevant information sought can or has been obtained directly from defendants (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 405-406 [1st Dept 2018]).
Likewise, the motion court providently declined to compel plaintiff's requested deposition of defendant Andrew Ditton, the Cooperative board's president. Plaintiff has already conducted significant discovery, including the deposition of defendant Michael Uysal, another member of the board. Plaintiff was also in possession of the May 2022 notice and the July 2022 resolution, which contained the relevant findings of fact as to his alleged objectionable conduct. Thus, it is not clear what further information he seeks by deposing Ditton. Notably, to the extent plaintiff asserts that Uysal's deposition was insufficient, he waited more than a year to demand a deposition of Ditton.
This Court lacks jurisdiction to entertain plaintiff's arguments on appeal as to the motion court's grant of defendants' motion to quash plaintiff's subpoena on Citibank for emails between defendant Ditton and individual defendants over a period of four years. The notice of appeal does not refer to or otherwise incorporate that determination (see CPLR 5515[1]). In any event, the motion court properly found that the notice requirement of CPLR 3101(a)(4) was not satisfied here by simply annexing the amended complaint, which does not mention Ditton (apart from the caption) or Citibank (see Matter of Kapon v Koch, 23 NY3d 32, 39 n 3 [2014] ["This is not to say that a pleading will always provide sufficient notice [under CPLR 3101(a)(4)]"]; Olson v Glencore, Ltd., 70 Misc 3d 1219(A), *6 [Sup Ct, NY County 2021] [dismissing petition to enforce a subpoena duces tecum because complaint and motions failed to provide nonparty with adequate notice concerning the circumstances or reasons that disclosure is sought]). The motion court also properly quashed the subpoena as overbroad (see Rodriguez v Crescent Contr. Corp, 305 AD2d 215, 215-216 [1st Dept 2003]). We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026