York v York

2026 NY Slip Op 03024

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Esther York, appellant,

v

Joseph York, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2022-02793, (Index No. 716274/20)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Esther York, Holliswood, NY, appellant pro se.

Jonathan E. Kroll & Associates, PLLC, Garden City, NY, for respondent.

[*1]

DECISION & ORDER

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated March 10, 2022. The order granted the defendant's motion to quash a subpoena duces tecum served upon him.

ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion to quash a subpoena duces tecum served upon him is denied.

The plaintiff was awarded a money judgment against the defendant, which was renewed in 2010. In an attempt to enforce the money judgment, the plaintiff served a subpoena duces tecum upon the defendant. The defendant moved to quash the subpoena. The plaintiff opposed the motion. By order dated March 10, 2022, the Supreme Court granted the motion. The plaintiff appeals.

"A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d 611, 614-615 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Confino, 175 AD3d 533, 534-535). If the movant meets this burden, "the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (Wells Fargo Bank, N.A. v Confino, 175 AD3d at 535 [internal quotation marks omitted]; see Matter of Kapon v Koch, 23 NY3d 32, 34).

Here, the defendant failed to meet his initial burden of demonstrating either that the requested disclosure was "utterly irrelevant" or that "futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Maragos v Town of Hempstead Indus. Dev. Agency, 174 AD3d at 614-615). Accordingly, the defendant's motion to quash the subpoena duces tecum served upon him should have been denied.

The plaintiff's remaining contention is improperly raised for the first time on appeal.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court