Matter of Libre by Nexus, Inc. v Underwood (2020 NY Slip Op 01708)





Matter of Libre by Nexus, Inc. v Underwood


2020 NY Slip Op 01708


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11257N 151982/18

[*1] In re Libre by Nexus, Inc., et al., Petitioners-Appellants,
v
Barbara D. Underwood, etc., Respondent-Respondent. Juan Valoy, et al., Intervenors-Appellants.


McFadden & Shoreman, New York (John M. Shoreman of counsel), and Mario Williams, New York, for appellants.
Letitia James, Attorney General, New York (Joshua M. Parker of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Andrew Borrok, J.), entered September 11, 2018, which, inter alia, denied petitioners' revised petition to quash, fix conditions on, or modify an investigative subpoena duces tecum of respondent Attorney General of the State of New York, granted the Attorney General's cross motion to dismiss the petition and compel compliance with the subpoena, and dismissed the proceeding brought pursuant to CPLR 2304, unanimously affirmed, without costs.
The Attorney General demonstrated the authority to issue the subpoena to investigate allegations of fraudulent and deceptive business practices, "the relevance of the items sought, and some factual basis for [the] investigation" (Matter of American Dental Coop. v Attorney-General of State of N.Y., 127 AD2d 274, 280 [1st Dept 1987]; see Executive Law § 63[12]; General Business Law § 349[f]).
Although raising confidentiality concerns of their immigrant clients and family members, petitioners and intervenors failed to demonstrate that "the futility of the process to uncover anything legitimate is inevitable or obvious" or that any "information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]). Furthermore, contrary to the contentions of petitioners and intervenors, the subpoena did not seek information "strictly pertaining to immigration status" (United States v California, 921 F3d 865, 891 [9th Cir 2019] [internal quotation marks omitted]; see 8 USC § 1373[a], [b]), and the record does not support their contention that any information arising from the Attorney General's civil investigation would be
available on the Attorney General's criminal law enforcement information-sharing system.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK