Matter of People of the State of New York v VDARE Found., Inc. (2024 NY Slip Op 00819)

Matter of People of the State of New York v VDARE Found., Inc.

2024 NY Slip Op 00819

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 453196/22 Appeal No. 1654 Case No. 2023-00672 

[*1]In the Matter of People of the State of New York, by Letitia James, etc., Petitioner-Respondent,
v
VDARE Foundation, Inc., Respondent-Appellant.

Frederick C. Kelly, Goshen, for appellant.
Randazza Legal Group, PLLC, Brooklyn (Jay M. Wolman of counsel), for appellant.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered January 25, 2023, which, to the extent appealed from as limited by the briefs, granted petitioner's motion to compel compliance with the subpoena duces tecum dated June 23, 2022, subject to certain agreed-to redactions, and to produce a redaction log, and denied respondent's motion to dismiss, unanimously affirmed, without costs.
The court providently exercised its discretion in granting petitioner's motion to compel compliance with its subpoena (see Suresh v Krishnamani, 212 AD3d 514, 514 [1st Dept 2023]). The Office of the Attorney General (OAG) only had to make a preliminary showing that the information it sought was "reasonably related to a proper subject of inquiry" (Matter of Roemer v Cuomo, 67 AD3d 1169, 1171 [3d Dept 2009] [internal quotation marks omitted]; see also Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 332 [1988]; Matter of Libre by Nexus, Inc. v Underwood, 181 AD3d 488 [1st Dept 2020]). The information sought was highly relevant to the investigation undertaken by the OAG into respondent's potential violations of the Not-for-Profit Corporation Law.
The subpoena does not impermissibly infringe on respondent's or its vendors' and contractors' First Amendment rights. Asserting a First Amendment privilege does not presumptively shield a charitable organization from OAG scrutiny (see Abrams v New York Found. for the Homeless, 190 AD2d 578 [1st Dept 1993], lv dismissed 81 NY2d 954 [1993]). Respondent is required to make some showing that producing the information would impermissibly infringe on its First Amendment rights (see Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d 87, 100 [2d Dept 2017]), such as by showing that the enforcement of the discovery requests will result in "harassment, membership withdrawal, or discouragement of new members" or other consequences that "suggest an impact on, or chilling of, [its] members' associational rights" (Perry v Schwarzenegger, 591 F3d 1147, 1160-1161 [9th Cir 2010] [internal quotation marks omitted], cert dismissed 559 US 1118 [2010]).
Respondent has not made a prima facie showing that producing the information would have an impact on or chill its members' associational rights (see Matter of Evergreen Assn., Inc. v Schneiderman, 153 AD3d at 100). Contrary to respondent's claim, anonymity of its vendors and contributors would not be sacrificed, as both the OAG and the court have agreed to a so-ordered confidentiality agreement. Moreover, while respondent has acknowledged having detractors which has resulted in certain adverse consequences, it does not follow that identifying names of vendors subject to a confidentiality agreement would result in harassment, membership withdrawal, or discouragement of new members, or other consequences that would impact its members' associational rights (see Perry v Schwarzenegger, 591 F3d at 1160).
We find no support for respondent's contention that the OAG conceded any retaliatory [*2]animus or was targeting it for its protected speech.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024