## Cyberbit, Inc. v Cloud Range Cyber, LLC

2025 NY Slip Op 30035(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 654488/2022

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

----------------------------------------------------------------------------------X

CYBERBIT, INC.,

                         Plaintiff,

                - v -

CLOUD RANGE CYBER, LLC,A TENNESSEE LIMITED
LIABILITY COMPANY, DEBORAH GORDON, CLOUD
RANGE CYBER, LLC,A DELAWARE LIMITED LIABILITY
COMPANY, LIVE CYBER, LLC,A DELAWARE LIMITED
LIABILITY COMPANY, LIVE CYBER HOLDINGS, INC.,A
DELAWARE CORPORATION, CIRCADIAN VENTURES,
LLC,CIRCADIAN VENTURES FUND I, LP, CIRCADIAN
VENTURES FUND I, GP, LLC,

                     Defendant.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654488/2022 |
| **MOTION DATE** | 10/02/2024, 11/19/2024 |
| **MOTION SEQ. NO.** | 023 024 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 023) 450, 451, 452, 453,
454, 462, 463, 464, 465, 466, 467

were read on this motion to/for           QUASH SUBPOENA, FIX CONDITIONS    .

The following e-filed documents, listed by NYSCEF document number (Motion 024) 471, 472, 474, 475

were read on this motion to/for                   SEAL               .

Upon the foregoing documents, Deborah Gordon's motion (Mtn. Seq. No. 023) to quash the

subpoena served by the plaintiff on non-party Regions Bank seeking Ms. Gordon's personal

financial records from Regions Bank, or in the alternative, granting a protective order to narrow

the scope of the subpoena is DENIED.

The plaintiff's motion to seal (Mtn. Seq. No. 024) is GRANTED as unopposed to the extent that

NYSCEF Doc. No. 470 shall be sealed for good cause shown pursuant to Part 216 of the

Uniform Rules for the Trial Courts, as the interest in the confidentiality of this document

**654488/2022   CYBERBIT, INC. vs. CLOUD RANGE CYBER, LLC, A TENNESSEE LIMITED
LIABILITY COMPANY ET AL
Motion No.  023 024**

**Page 1 of 4**

[* 1]

outweighs the public interest in the sealed information, as it contains sensitive business information.

Reference is made to the Court's prior decision and order (the **August 2023 Decision**; NYSCEF Doc. No. 61), dated August 17, 2023, pursuant to which this Court denied the defendants' motion to dismiss indicating that the well pled complaint indicates that::

> [t]his is a case involving Deborah Gordon's alleged manipulation and abuse of the corporate form in breaching a certain Purchase Order (the **Purchase Agreement**; NYSCEF Doc. No. 2), dated as of June 27, 2018, by and between Cyberbit and Cloud Range, to avoid paying certain installment payments due under the Purchase Agreement and to otherwise misappropriate intellectual property from Cyberbit to companies that she set up and ran out of her home. The parties to the Purchase Agreement agreed that disputes would be resolved in New York. ***On the record before the Court, Cyberbit adduces substantial evidence (i.e., some 34 exhibits) that no corporate formalities were observed between these entities and that in sum and substance the entities which Ms. Gordon formed and ran out of her home (which were not parties to the agreement) have continued the business of Cloud Range such that piercing the corporate veil is appropriate. Ms. Gordon's affidavit does not in any meaningful way challenge any of the 34 exhibits which form prima facie evidence that veil piercing is appropriate.*** Thus, she and the company defendants are subject to the contracted for forum of New York and the motion to dismiss based on lack of personal jurisdiction is denied

(*Id.* at 1-2 [emphasis added]).[1]

Ms. Gordon now moves to quash the portions of the subpoena that seek production of "All bank account statements at Regions Bank for the period January 1, 2021 through the present, for each bank account registered to Deborah Gordon" and "All bank account statements at Regions Bank for the period January 1, 2021 through the present, for each bank account to which D. Gordon is a signatory" (NYSCEF Doc. No. 452, ¶¶ 1, 7).  To wit, Ms. Gordon does not seek to quash the remaining portions of the Subpoena directed at bank accounts held by the corporate entities.

---

[1] *See, also,* the Court's Decision and Order (NYSCEF Doc. No. 94; the **January Decision;** the January Decision, together with the August Decision, hereinafter collectively, the **Prior Decisions**), dated January 18, 2024.

654488/2022   CYBERBIT, INC. vs. CLOUD RANGE CYBER, LLC, A TENNESSEE LIMITED
LIABILITY COMPANY ET AL
Motion No.  023 024

Page 2 of 4

2 of 4

Ms. Gordon is a named defendant in this case, and as the Court discussed in the August Decision, the crux of the plaintiff's liability theory is that the defendants, led by Ms. Gordon, engaged in a corporate shell game using companies that she set up and ran out of her home to defraud the plaintiff and avoid their payment obligations to it. As discussed in the Prior Decisions, the plaintiff adduced over 34 exhibits and established a *prima facia* basis for veil piercing, and the defendants failed to challenge the exhibits in any meaningful way.

Under CPLR 3101 (a)(4), a party may seek all matter "material and necessary" from non-parties in an action. The New York Court of Appeals has further explained that the standard under CPLR 3101 (a)(4) requires a non-party to disclose material that is "relevant to the prosecution or defense of an action" and "imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]). A motion to quash should only be granted "where the information sought is utterly irrelevant to any proper inquiry" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]). The discovery sought is "material and necessary" to both the theories of liability and also the plaintiff's damages. As such, the motion is denied.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

**654488/2022   CYBERBIT, INC. vs. CLOUD RANGE CYBER, LLC, A TENNESSEE LIMITED LIABILITY COMPANY ET AL**
**Motion No.  023 024**

**Page 3 of 4**

ORDERED that Ms. Gordon's motion to quash the subpoena served by the plaintiff is DENIED; and it is further

ORDERED that the plaintiff's motion to seal (Mtn. Seq. No. 024) is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to seal NYSCEF Doc. No. 470, and to separate the document and to keep it separate from the balance of the file in this action; and it is further

ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed document to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case and any party; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250106153219AD0RR0KE0EFEAB46FEA1A6BA084AA4A26036381

| 1/6/2025 | | | ANDREW BORROK, J.S.C. |
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | □ DENIED | X | GRANTED IN PART | □ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | □ REFERENCE |

**654488/2022   CYBERBIT, INC. vs. CLOUD RANGE CYBER, LLC, A TENNESSEE LIMITED LIABILITY COMPANY ET AL**
**Motion No.  023 024**

**Page 4 of 4**

4 of 4