Lipari v Zigman (2025 NY Slip Op 50109(U))

[*1]

Lipari v Zigman

2025 NY Slip Op 50109(U)

Decided on January 21, 2025

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2025
Supreme Court, New York County

Jay Lipari, Jay Lipari ex rel. Master Collision Inc., and 
 Jay Lipari ex rel. Estate of Bob Lipari, Plaintiffs,

against
Robert Zigman, Master Collision Inc., and Master Collision Concepts LLC, Defendants.

Index No. 651023/2024

Sutton Sachs Meyer PLLC, New York, NY (Zachary G. Meyer of counsel), for plaintiff.
Law Offices of Michael D. Steger, P.C., Orangeburg, NY (Michael D. Steger of counsel), for defendants Robert Zigman and Master Collision Inc.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72 were read on this motion for REARGUMENT/RECONSIDERATION.
The following e-filed documents, listed by NYSCEF document number (Motion 004) 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 106, 107, 108 were read on this motion for ATTORNEY WITHDRAWAL.
This action is brought by plaintiff, Jay Lipari, against defendants, Robert Zigman, Master Collision Inc., and Master Collision Concepts LLC, alleging fraud and breach of fiduciary duty in connection with the management by Zigman of Master Collision Inc.[FN1]
This court previously granted defendants' motion to quash several nonparty subpoenas served by plaintiff. (See NYSCEF No. 56.) On motion sequence 003, plaintiff moves under CPLR 2221 to reargue this court's order granting the motion to quash. (NYSCEF No. 58.) On motion sequence 004, counsel for defendants Zigman and Master Collision Inc. moves for leave to withdraw from representing [*2]Master Collision Inc.[FN2]
Motion sequence 003 is granted in part and denied in part. Motion sequence 004 is denied without prejudice.
DISCUSSION
I. Plaintiff's Motion to Reargue (Mot Seq 003)
Motion sequence 002 addressed multiple subpoenas—a subpoena served on M&T Bank at the outset of this action in March 2024 (see NYSCEF Nos. 4, 7 [FN3]
); a "clarified" version of the M&T subpoena, served on M&T in April 2024 (see NYSCEF No. 37); and a subpoena served on defendants' CPAs in May 2024 (see NYSCEF No. 30). This court quashed the first two subpoenas on the ground that they had not been properly served on defendants, as required by CPLR 3120 (b) (3). (See NYSCEF No. 56 at 1-2.) In particular, this court held, those subpoenas had only been e-filed, rather than mailed to defendants, which was insufficient to constitute valid service. (See id. at 1.) This court quashed the remaining "CPA" subpoena on the ground that it did not sufficiently articulate the reasons why the subpoenaed information was being sought. (Id. at 2.)
On motion sequence 003, plaintiff moves to reargue this court's order quashing the three subpoenas. Defendants Zigman and Master Collision Inc. oppose the motion and argue that plaintiff should be required to refile the subpoenas to redact several bank account numbers. Plaintiff's motion is granted in part and denied in part as set forth below. Plaintiff is directed forthwith to take all necessary steps to ensure that the filed subpoenas containing unredacted bank account information are removed from NYSCEF, and to refile redacted versions of those subpoenas.
A. The M&T Subpoenas
Plaintiff argues that this court erred in quashing the M&T subpoenas because e-filing was sufficient service under the mandatory e-filing rules governing this action (22 NYCRR 202.5-bb). That is, plaintiff says, § 202-5.bb requires only the document commencing the action to be served in hard copy, and permits service of all ensuing "interlocutory" documents through e-filing on NYSCEF. (See NYSCEF No. 59 at 9, § 202.5-bb [b] [1], [c] [1].) This court agrees with plaintiff that this court's prior order overlooked that this action is governed by § 202.5-bb. On reargument, the court adheres to its earlier determination.
With respect to the April 2024 M&T subpoena, plaintiff's e-filing-service argument is unavailing: Plaintiff did not contemporaneously e-file a copy of that subpoena in the first place.[FN4]

With respect to the March 2024 subpoena, plaintiff's argument fails because he served the subpoena (and e-filed a copy) at the outset of the action, before anyone had appeared for defendants. Plaintiff concededly e-filed a copy of this subpoena simultaneously with e-filing his affidavits of service on defendants (see NYSCEF Nos. 3, 4, 5)—i.e., three weeks before counsel for defendants first appeared. Defendants were thus unrepresented at the time plaintiff served the March 2024 subpoena on M&T and filed it on the docket. As unrepresented litigants, defendants were exempt under the mandatory e-filing rules from having to e-file documents—at least absent their affirmative consent to e-filing, which they had not given. (See 22 NYCRR 202-5.bb [e] [1].) Because defendants were then exempt from the e-filing requirements, plaintiff was required to serve them "documents in hard copy, bearing full signatures," and to "file electronically proof of such service." (Id. § 202-5.bb [e] [5].) Plaintiff did not satisfy this requirement. And absent proper service on defendants, the March 2024 subpoena was subject to being quashed for failure to comply with CPLR 3120 (3).
B. The CPA Subpoena
Plaintiff argues that this court erred in quashing the CPA subpoena because the face of the subpoena, coupled with the referenced complaint in this action, satisfy CPLR 3101 (a) (4)'s requirement that the subpoena provide the recipient the reasons why disclosure was being sought. The court grants leave to reargue to address this issue more fully. On reargument, the court adheres to its determination with respect to the subpoena's requests for Zigman's tax-related documents, and concludes that the subpoena should not be quashed with respect to tax-related documents of Master Collision, Inc. and Master Collision Concepts LLC.
This court's order granting the motion to quash emphasized the higher burden that the party serving the subpoena must meet before obtaining tax returns. (See NYSCEF No. 56 at 2.) It further held that the subpoena itself must describe the reasons why the information requested is being sought from the subpoena recipient rather than from some other source. (See id.) The court now concludes that its latter conclusion focused on the wrong stage of the motion-to-quash analysis. The Court of Appeals held in Matter of Kapon v Koch that the description-of-reasons requirement is only a preliminary step in any motion-to-quash analysis and should not play a role in the principal analysis of whether each party has met its respective burdens on the motion to quash. (See 23 NY3d 32, 39 [2014].) The greater showing needed to obtain tax returns comes in only at the burden-meeting stage, assuming that the preliminary description-of-reasons requirement has been satisfied. And this court agrees with plaintiff that the subpoena's incorporation-by-reference of the complaint provided a sufficient description of reasons for seeking the information.
The next question is whether the subpoena should be quashed on its merits. The court concludes that it should be in part. Defendants' papers in support of the motion to quash met the initial burden to show that, as to Zigman, the information sought was irrelevant. And plaintiff did not then meet the "strong showing of necessity for disclosure of [Zigman's] tax returns." (Day v Serenity Pharms., LLC, 213 AD3d 488, 489 [1st Dept 2023].) Plaintiff's allegations that Zigman caused Master Collision, Inc. to commit tax fraud by underreporting its sales-tax liability, and plaintiff's suspicion that Zigman must therefore have secreted away the additional [*3]revenue that went untaxed, are not sufficient. (See id. [holding that "the existence of viable veil-piercing and fraudulent conveyance claims does not, standing alone, justify disclosure of an individual's personal tax returns"].) Plaintiff must also—but does not—"identify any information contained in the tax returns that is not available from other sources."[FN5]
(Id.)
This court reaches a different conclusion with respect to the subpoenaed tax returns of Master Collision Inc. Given plaintiffs' allegations regarding Master Collision's underreporting of taxes, the company's tax returns, and the documents used to prepare those returns, are relevant, necessary, and unavailable from other sources. The subpoenaed documents pertaining to Inc. must be produced.
II. The Motion to Withdraw of Counsel for Master Collision Inc. (Mot Seq 004)
On motion sequence 004, counsel for Zigman and Master Collision Inc., Michael D. Steger, Esq., moves for leave to withdraw as counsel for Master Collision. The motion is denied without prejudice.
Plaintiff's complaint alleges that he originally purchased Master Collision from his (now-deceased) brother, entered into a partnership with Zigman in which Zigman would run the business in return for a 50% share of profits, and then sold Zigman the remaining 50% in exchange for an indemnity guarantee.
Zigman/Master Collision's amended answer with counterclaims alleges that, contrary to the representations in plaintiff's complaint, plaintiff never obtained ownership of Master Collision from his brother in the first place; and therefore that plaintiff never sold Master Collision to Zigman because it was not his to sell. In moving to withdraw, Steger contends that given these allegations, Zigman and Master Collision have a "clear" conflict of interest requiring his withdrawal, "as Steger cannot zealously prosecute Zigman's counterclaims while also vigorously defending an entity that Zigman claims he never owned." (NYSCEF No. 106.)
Steger does not, however, explain on this motion how Master Collision and Zigman have divergent interests; or why those interests would prevent him from zealously representing both parties in this action.[FN6]
Nor is the presence of a conflict requiring withdrawal so obvious on the face of the record as to render that explanation unnecessary.
This court does not rule out the possibility that a conflict requiring Steger's withdrawal does exist. But, on the current record, Steger has not made out the showing necessary to permit his withdrawal at this stage. The denial of the withdrawal motion, though, is without prejudice to its renewal on a fuller record, if Steger be so advised.
Accordingly, it is
ORDERED that the branch of plaintiff's motion seeking leave to reargue the quashing of the two M&T subpoenas (mot seq 003) is granted; and it is further
ORDERED that on reargument, this court adheres to its determination on motion sequence 002 quashing the two M&T subpoenas; and it is further
ORDERED that plaintiff is directed forthwith to take all necessary steps to ensure that the nonparty subpoenas that plaintiff e-filed on NYSCEF that contain unredacted bank account [*4]information are removed from NYSCEF, and to refile redacted versions of those subpoenas; and it is further
ORDERED that the branch of plaintiff's motion seeking leave to reargue the quashing of the CPA subpoena (mot seq 003) is granted; and it is further
ORDERED that on reargument, this court adheres to its determination on motion sequence 002 quashing the CPA subpoena to the extent it seeks testimony, information, and documents pertaining to Zigman and Master Collision Concepts LLC (subpoena item nos. 1, 3, 4, 6, 7, and 9); and it is further
ORDERED that on reargument this court concludes that the CPA subpoena should not be quashed to the extent it seeks testimony, information, and documents pertaining to Master Collision Inc. (subpoena item nos. 2, 5, and 8), and that the recipients of the subpoena must provide responsive documents within 30 days from service on them of a copy of this order with notice of its entry, and appear for deposition within 45 days from service of notice of entry; and it is further
ORDERED that the motion of Michael D. Steger, Esq., for leave to withdraw as counsel for Master Collision Inc. (mot seq 004) is denied without prejudice; and it is further
ORDERED that plaintiff shall serve a copy of this order with notice of its entry on all parties by e-filing on NYSCEF; and on the recipients of the CPA subpoena by email, if available (with copies to counsel for all parties), and by certified mail, return receipt requested, directed to their respective last-known addresses.
Dated: January 21, 2025
Hon. Gerald Lebovits
J.S.C.

Footnotes

Footnote 1:Zigman has counterclaimed on the ground that Lipari made false representations to him about the ownership and financial status of Master Collision Inc. The merits of the parties' respective claims and counterclaims are not relevant to the disposition of the current motions.

Footnote 2:Master Collision Concepts LLC is represented by separate counsel, who appeared in the action after this court decided the motion to quash.

Footnote 3:Plaintiff e-filed the March 2024 M&T subpoena twice; this court's prior order mistakenly treated the two copies of that subpoena as being separate subpoenas. The difference is not material to the court's analysis on either motion sequences 002 or 003.

Footnote 4:Plaintiff's reargument papers do not address this issue. To the extent that plaintiff is implicitly suggesting that he was not required to serve a copy of that subpoena because it merely "clarified" plaintiff's original subpoena, this court disagrees. The April 2024 subpoena included much more detailed and extensive document demands (compare NYSCEF No. 4, with NYSCEF No. 37); and plaintiff concededly served it only after M&T responded to the initial March 2024 subpoena by saying that it had no responsive information (see NYSCEF No. 59 at 5). Given the context in which plaintiff served the April 2024 subpoena, and the differences between the March and April subpoenas, plaintiff was required to—but did not—serve defendants with a copy of the April version.

Footnote 5:This court reaches a similar conclusion with respect to the tax returns and underlying documents of Master Collision Concepts LLC.

Footnote 6:Steger also does not indicate whether he had spoken with his clients about this potential conflict or; if so, what their responses were.