Matter of Icahn Partners LP v AllianceBernstein L.P. (2025 NY Slip Op 06132)

Matter of Icahn Partners LP v AllianceBernstein L.P.

2025 NY Slip Op 06132

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 155879/24|Appeal No. 5135|Case No. 2025-02814|

[*1]In the Matter of Icahn Partners LP et al., Petitioners-Respondents,
v
AllianceBernstein L.P., Respondent-Appellant.

Milbank LLP, New York (Sean M. Murphy of counsel), for appellant.
Pallas Partners (US) LLP, New York (Michael A. Hanin of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Verna L. Saunders, J.), entered on or about April 14, 2025, which, to the extent appealed from as limited by the briefs, granted in part the petition in this special proceeding pursuant to CPLR 3124 seeking to compel respondent's full compliance with a subpoena ad testificandum and require respondent's witness to appear at a second deposition to answer questions he refused to answer previously, unanimously affirmed, with costs.
Supreme Court providently granted petitioners' motion to compel compliance with the subpoena, issued in connection with a civil action pending in Nevada (CPLR 3124; Jorge v City of New York, 220 AD3d 593, 594 [1st Dept 2023]; see also CPLR 3119). The subpoena gave "the circumstances or reasons" for the testimony sought (CPLR 3101[a][4]) and "describe[d]" the "matters upon which the person is to be examined . . . with reasonable particularity" (Uniform Rules for the Trial Cts [22 NYCRR] § 202.20-d[b]; see Nev R Civ P 30[b][6]). The subpoena also attached a copy of the out-of-state complaint, which detailed respondent's alleged efforts to influence special servicers of commercial mortgage backed securities (CMBS), including the defendant in the Nevada action servicing loans in the CMBS owning a Nevada mall's mortgage (CR-4 Trust), as well as the letter from a market participant similar to respondent addressing the status of the Albany, New York mall whose mortgage was bundled in a similar CMBS (CR-2 Trust), which provided respondent with "sufficient information to challenge the subpoena[] on a motion to quash" (Matter of Kapon v Koch, 23 NY3d 32, 39 [2014]; see also CK Opportunities Fund I, L.P. v Morgan Stanley Senior Funding, Inc., 236 AD3d 585, 585-586 [1st Dept 2025]).
The subpoena also sought answers relevant to the Nevada Action, as the questions were "reasonably calculated to yield information that is 'material and necessary'" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting CPLR 3101[a]). "[T]he words, material and necessary, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Forman, 30 NY3d at 661 [internal quotation marks omitted]). Indeed, "[i]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material . . . in the prosecution or defense" of the action (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 407 [1968] [internal quotation marks and citation omitted]). That is the case here. Petitioners assert in the underlying Nevada action a pattern of malfeasance by servicers seeking to curry favor with respondent and similar market participants, and the questions posed seek to illustrate the pressure exerted by respondent to support the example already included in the Nevada complaint. Contrary to respondent's contention, the answers sought are not "utterly irrelevant" (Matter of Anheuser-Busch In Bev SA/NV v BBSR, LLC, 239 AD3d 402, 402 [1st Dept 2025], quoting Matter of Kapon, 23 NY3d at 38).
Respondent's confidentiality concerns can be addressed under the protective order entered in the underlying Nevada action, which authorizes respondent, as a nonparty to that action, to designate certain material as confidential or highly confidential and limits the dissemination and use of such information (see CPLR 3103[a]; see also Mann v Cooper Tire Co., 33 AD3d 24, 36 [1st Dept 2006], lv denied 7 NY3d 718 [2006]). Respondent, in fact, availed itself of the protective order by designating the entire deposition transcript of its deponent as confidential.
We have considered respondent's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025