**M13 & M15 Holdings, LLC v Athanson**

2025 NY Slip Op 34751(U)

December 10, 2025

Supreme Court, New York County

Docket Number: Index No. 151634/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

M13 & M15 HOLDINGS, LLC,

Plaintiff,

- v -

JENNIFER ATHANSON, MICHAEL ATHANSON

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151634/2021 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 171, 172, 173, 174, 175, 176, 177, 178, 181, 182, 183

were read on this motion to/for _____QUASH SUBPOENA_____ .

Defendants' motion to quash and for a protective order is denied.

**Background**

In this breach of lease case, plaintiff seeks to recover against defendants Jennifer and Michael Athanson based on Debtor Creditor Law causes of action. It claims that defendants, who plaintiff alleges were the sole principals of POP USA Store #3 ("Tenant"), stalled plaintiff's efforts to recover unpaid rent by threatening bankruptcy and while transferring assets away from the tenant and guarantor to render them judgment proof.

Plaintiff alleges that by the end of February 2020, Tenant owed Plaintiff over $83,000 in base and additional rent. After the Covid-19 pandemic hit, Plaintiff claims that defendants began threatening to close the store and file for bankruptcy unless plaintiff agreed to a substantial reduction of the rental arrears. Eventually, the inventory and related assets disappeared without paying the plaintiff any money. Plaintiff claims that defendants' depletion of all Tenant's assets was in violation of Sections 273, 274, 275, and 276 of the Debtor Creditor Law as its assets were

151634/2021   M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER
Motion No. 005

Page 1 of 7

transferred without fair consideration which caused Tenant to become insolvent and that this constituted fraud in light of the rental arrears owed by Tenant to plaintiff.

In a decision dated October 25, 2023, this Court granted plaintiff's motion to preclude defendants from offering any evidence at trial or in a dispositive motion and ordered a note of issue be filed on or before December 13, 2023 (NYSCEF Doc. No. 144). There, the Court also wrote that documents related to defendants' finances were highly relevant as "plaintiff's theory of recovery is based on allegations that defendants transferred monies to render the tenant and guarantor judgment proof" (*id.*). The Court also ruled that, due to the Court's decision to preclude defendants from offering evidence, plaintiff's request for defendants' personal financial records was rendered moot "although it may be relevant should plaintiff prevail and need this information in a post-judgment subpoena" (*id.*).

Plaintiff filed a note of issue on November 27, 2023 in which plaintiff certified that the discovery proceedings known to be necessary were completed (NYSCEF Doc. No. 152). This matter then went on the trial calendar and was ultimately scheduled for a trial for July 29, 2025, although it has since been adjourned *sine die*.[1]

A few weeks before the trial was scheduled, plaintiff served two subpoenas, one upon JPMorgan Chase Bank and one upon TD Bank, both of which are attached at NYSCEF Doc. No. 173. These subpoenas are the subject of this instant motion wherein defendants move to quash them or alternatively for a protective order denying, limiting, or conditioning the subpoenas.

Defendants call the subpoenas last-minute and irrelevant and claim that plaintiff is going on a fishing expedition. Defendants argue that the subpoenas are improper because discovery has been closed for nearly two years, and that the information sought is irrelevant. Defendants then

---

[1] On eCourts, this matter shows up as being scheduled for trial on December 16, 2025, but this is just a control date.

**151634/2021 M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER** **Page 2 of 7**
**Motion No. 005**

say that this information could have been sought before the note of issue was filed, that plaintiff has not shown that the discovery sought will result in the disclosure of relevant evidence, and that these subpoenas are overbroad, burdensome, or seek irrelevant or confidential information.

Plaintiff opposes. Regarding defendants' arguments that the subpoenas are untimely as served after the note of issue was filed and on the eve of trial, plaintiff points out that the subpoenas are in fact trial subpoenas and refers to CPLR 2305 (a) and (b). The subpoenas seek both testimony and document production on July 29, 2025 in this part's courtroom – the day and place the trial was scheduled to take place.

Plaintiff also says that defendants' argument that plaintiff could have obtained this information during discovery has no merit, as defendants prevented plaintiff from obtaining the information sought in the subpoenas. Plaintiff points to its January 11, 2022 document demand at NYSCEF Doc. No. 108, and says that defendants initially refused to respond, and when they did respond, the responses were insufficient.

Plaintiff highlights the decision in which this Court precluded defendants from offering evidence at trial or in a dispositive motion; that decision was predicated upon defendants' failure to provide relevant discovery, including the documents related to defendants' finances (NYSCEF Doc. No. 144). Plaintiff also highlights the above-mentioned language where the Court calls documents about defendants' finances highly relevant.

In their reply, defendants argue that this Court's preclusion order actually supports defendants' position since the Court determined that plaintiff's request to compel the production of financial information was moot and said that such information could be pursued post-judgment. Defendants argue that plaintiff could have and should have served these subpoenas

**151634/2021  M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER**                    **Page 3 of 7**
  **Motion No.  005**

[* 3]                                                                  3 of 7

years ago and claim that plaintiff did not in fact request all of the information now sought in the subpoenas in its January 2022 requests for production.

Defendants then take time to highlight the information that plaintiff seeks in its subpoenas that was not originally sought in plaintiff's January 2022 requests for production. Referring to the subpoena addressed to JPMorgan Chase, defendants note that the January 2022 request sought information about bank statements for Jennifer and Michael Athanson, but that the subpoena additionally requests copies of checks that were issued from their accounts as well as for the signature cards associated with the accounts.

As for the TD Bank subpoena, defendants highlight the request for bank statements for eight different accounts. Only the account numbers are listed on the subpoena with no other context, such as to whom the accounts belong. While plaintiff does not identify to whom the accounts belong, defendants provide that information in a chart at NYSCEF Doc. No. 176. Five of the eight accounts which defendants identified have "POP" in the name with one of the five belonging to the Tenant. According to defendants, the three other accounts are for "Amazon," "NA," and "USFS LLC." Defendants complain that the following requests in the TD Bank subpoena were not sought in the January 2022 requests: signature cards for each separate account, documents provided to TD Bank to open the eight aforementioned accounts, "documents" relating to all accounts held by Jennifer and Michael Athanson, and "documents" relating to all accounts held by POP USA Store Holding LLC, POP USA Store #1, POP USA Store #2, POP USA Store #3.

**Discussion**

"An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious ... or where the information

151634/2021  M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER          Page 4 of 7
Motion No.  005

[* 4]                                                    4 of 7

sought is utterly irrelevant to any proper inquiry. It is the one moving to vacate the subpoena who has the burden of establishing that the subpoena should be vacated under such circumstances (*Matter of Kapon v Koch*, 23 NY3d 32, 38-39 [2014]). Here, the Court does not find that defendants have met their burden of showing that the subpoenas are futile or that they will fail to uncover anything legitimate.

Keep in mind that this case is about "following the money." Defendants are basically accused of stripping a tenant and a guarantor of assets and transferring the assets to other accounts thereby leaving the landlord empty handed. To find out where those assets went, due diligence requires an inquiry into the various accounts defendants controlled or were associated with around the relevant time. The defendants refused to cooperate in discovery and so the plaintiff is relegated to calling the banks to testify at trial and to bring documents.

Plaintiff will need those documents to prove its case as well as to prove damages. Defendants, in arguing that the subpoenas do not track the earlier stonewalled discovery requests miss the point. First, there is no requirement to track discovery demands; plaintiff is allowed to ask different witnesses for different information. Next, if there was a tracking requirement, then defendants should have cooperated in discovery. Having acted in a willful manner in refusing to cooperate in discovery, defendants cannot now complain that plaintiff has no choice but to go directly to the bank, and once at the bank, ask for whatever relevant information the bank has. And this Court finds that everything plaintiff has sought is relevant.

Turning first to the subpoena addressed to JPMorgan Chase Bank, the Court finds that the information sought therein is clearly relevant to plaintiff proving its case. The subpoena asks for bank statements and copies of checks issued and deposited each month for four accounts, all of which are in the name of the defendants. Additionally, the subpoena seeks copies of the signature

**151634/2021  M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER**          **Page 5 of 7**
   **Motion No.  005**

5 of 7

[* 5]

cards for each of those accounts. The Court rejects defendants' argument that the request for the checks and signature cards somehow necessitates that this subpoena be quashed. The amounts of any checks issued from and deposited into the account would be reflected in the bank statement; it would just be more efficient to see each check and, quite frankly, would cut down substantially on time questioning witnesses. And signature cards are a routine inclusion in bank record requests. As the Court opined earlier – information about defendants' finances is clearly relevant to this case. Therefore, defendants' motion is denied to the extent that it seeks to quash the JPMorgan Chase Bank subpoena.

Turning now to the TD Bank subpoena, the Court finds that defendants themselves have shown that the accounts are sufficiently related to the defendants as to be relevant and discoverable. True, none of the accounts, at least according to the chart, are in the name of either Athanson defendant. However, as stated earlier, five of the accounts have the name "POP" in it, including Tenant's account. These accounts are clearly related to defendants. As to the other three accounts, the fact that defendants themselves identified all of these accounts and provided information as to the type of account and the account's identity shows that the defendants have a sufficient connection with these accounts so as to render them discoverable. It stands to reason that if defendants have detailed information about each account, they could have transferred money into and out of these accounts if what plaintiff alleges is true. Plaintiff has to follow the money and if defendants were playing three card monte with assets that belonged to the tenant or the guarantor (and thus should have gone to plaintiff), then it is plaintiff's burden to prove it. Defendants refused to cooperate in discovery and so plaintiff has to get the information from the bank at trial.

The Court realizes this is far from an ideal situation. Some of defendants' banking records, and those of their various entities, may become evidence admitted at a public trial. Defendants claim plaintiff could have and should have served these subpoenas years ago – maybe they are correct, and now plaintiff will have to scramble to try to make sense of what will undoubtedly be a plethora of documents without the benefit of pre-trial disclosure. There is no doubt that there will be extensive questioning about financial transactions between these many accounts because this case is all about finding out where the money is that should have gone to plaintiff. Had there been proper discovery, the trial would be shorter, but we are in for a longer trial now. Sometimes that happens, and that is where this litigation is now.

Accordingly it is hereby

ORDERED that defendants' motion is denied in its entirety; and it is further

ORDERED that the subject subpoenas to JPMorgan Chase Bank and TD Bank are valid; however, if there is a problem because of the date change for the trial, plaintiff may reissue them (with the substance not changing, only the date) and this Court will so-order them if necessary.

| 12/10/2025 | | ARLENE P. BLUTH, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**151634/2021   M13 & M15 HOLDINGS, LLC vs. ATHANSON, JENNIFER**     **Page 7 of 7**
**Motion No.  005**

7 of 7

[* 7]